727 So.2d 609 (1998)
Terry A. RIVERA, Sr.
v.
STATE of Louisiana, Richard Stalder, Secretary of Dept. of Public Safety & Corrections, and Warden C.M. Lensing, Warden of Elayn Hunt Correctional Center.
Joseph Romero
v.
La. Dept. Public Safety & Corrections, Richard L. Stalder, Terry Terrell, P. Pitre, Major Evans, and Capt. Maricle.
No. 98 CA 0507, 98 CA 0508.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
Writ Denied March 26, 1999.
*610 Terry A. Rivera, Sr., Port Allen, Appellee/Pro Se.
June E. Denlinger, Baton Rouge, Counsel for Appellee/Joseph Romero.
Samuel Gabb, Lake Charles, and Debra Rutledge, Baton Rouge, Counsel for Appellant/La. Dept. of Public Safety and Corrections, et al.
Before: LeBLANC, FOGG and PARRO, JJ.
LeBLANC, J.
The issue presented in these two consolidated actions is whether the State of Louisiana, Department of Public Safety and Corrections (the Department), exceeded its authority in the imposition of disciplinary penalties.

FACTS AND PROCEDURAL HISTORY
On August 29, 1996, a disciplinary report was issued against Terry A. Rivera, Sr. while he was being housed as an inmate at Phelps Correctional Center. The report alleges that Rivera violated two Disciplinary Rules-Defiance and Aggravated Disobedience. The record establishes the Disciplinary Board accepted the correctional officer's version of the events and Rivera was sentenced to a custody change to maximum security/working cell block and failure to earn (F.T.E.) 30 days good time. The report also notes Rivera was "[referred] to Special Court".
The record includes Rivera's written request for a Forfeiture Of Good Time hearing (Special Court), which was held. The sentence imposed by the Special Court was "[m]odify original sentence to include an additional 150 days loss". After Rivera's administrative appeals were exhausted, he sought judicial review.
On March 21, 1997, a disciplinary report was issued against Joseph Romero, an inmate at Allen Correctional Center. The report alleged that Romero violated a Disciplinary Rule-Contraband. The report was based on a urine test performed on Romero which indicated the presence of cocaine. The record establishes Romero was found guilty and the Disciplinary Board sentenced Romero to a custody change to maximum security/working cell block and F.T.E. 30 days good time.
The record includes a written notice from the Department to Romero of the Disciplinary Board's contemplation of forfeiture of good time. The decision at the Forfeiture of Good Time hearing was a forfeiture of 150 days good time. Romero exhausted his administrative appeals and sought a temporary restraining order and/or preliminary injunction challenging the forfeiture of 150 days good time.
Commissioner Allen J. Bergeron, Jr. originally recommended Rivera and Romero each be restored 150 days good time. The matters were consolidated upon motion of the Department, and a rehearing was granted. The Commissioner's recommendation after rehearing found the Department's forfeiture of 150 days good time was an imposition of penalties beyond those authorized. Judgment was signed by the district court judge in favor of Rivera and Romero. The Department appeals.

*611 LAW AND DISCUSSION
At all pertinent times, La. R.S. 15:571.4 provided:
Forfeiture of diminution of sentence
A. Determination shall be made by the secretary on a monthly basis as to whether good time has been earned by inmates in the department's custody. Good time which has been earned by inmates in the custody of the Department of Public Safety and Corrections, hereinafter referred to as the "department", shall not be forfeited except as provided in Subsection C of this Section.
B. (1) An inmate who is sentenced to the custody of the Department of Public Safety and Corrections and who commits a simple or aggravated escape from any correctional facility or from the lawful custody of any law enforcement officer or officer of the department may forfeit all good time earned on that portion of his sentence served prior to his escape.
(2) An inmate who has been returned to the custody of the department because of a violation of the terms of parole granted by the Board of Parole shall forfeit all good time earned on that portion of the sentence served prior to the granting of parole up to a maximum of one hundred eighty days.
(3) An inmate who is sentenced to the custody of the department and who commits a battery on an employee of the Department of Public Safety and Corrections or any police officer as defined in R.S. 14:34.2 may forfeit good time earned on that portion of the sentence served prior to committing the battery of such person, up to a maximum of one hundred eighty days.
(4) In all other cases, forfeiture of good time may include up to a maximum of one hundred eighty days.[[1]]
C. The department shall, in accordance with the Administrative Procedure Act [La. R.S. 49:950 et seq.], promulgate and adopt rules and regulations for the forfeiture of good time as provided in Subsection B herein. The rules and regulations shall include but not be limited to the following:
(1) That written notification of the forfeiture be provided to the inmate and that the inmate within fifteen days after such notification may make a written request for a hearing to review the forfeiture of good time.
(2) That, upon request of the inmate, a hearing shall be conducted to review the finding that the inmate committed an escape and other facts relevant to the forfeiture. The hearing shall be conducted as a disciplinary proceeding. The inmate shall have the right to be present, to be represented by counsel, and to offer exculpatory evidence or evidence in mitigation.
(3) That, upon request of the inmate, a hearing shall be conducted to review the finding that the inmate committed a battery on an employee of the Department of Public Safety and Corrections or on a police officer as defined in R.S. 14:34.2, and other facts relevant to the forfeiture. The hearing shall be conducted as a disciplinary proceeding. The inmate shall have the right to be present, to be represented by counsel, and to offer exculpatory evidence or evidence in mitigation.
(4) That, at the conclusion of such hearing, a determination shall be made to either affirm the forfeiture of good time, reject the forfeiture, or make such modification to the forfeiture as may be appropriate.
The Disciplinary Rules for Adult Prisoners (the Rules), adopted by the Department, effective February 15, 1993, and published in the Louisiana Register, Vol. 19, No. 5, pp. 648-59, provide the disciplinary board may impose one or two of the listed penalties for Schedule B violations. The listed penalties are:
a. reprimand;
b. loss of minor privilege for up to four weeks ...;
c. loss of major privilege ...;

*612 d. extra dutyup to eight days for each violation;
e. disciplinary detention/isolationup to 10 days for each violation;
f. loss of good timeup to the amount earned by the inmate for one month;
g. quarters change;
h. job change;
i. loss of hobbycraftup to six months;
j. custody change from minimum to medium ...;
k. custody change from minimum or medium custody status to maximum ....
Contraband, Defiance and Aggravated Disobedience are defined as Schedule B violations. LAC 22:1. Chapter 3 § 365. Therefore, a finding of guilt by the Disciplinary Board for such violations may result in the imposition of one or two of the listed penalties.
Rivera pled guilty to Defiance and Aggravated Disobedience. Romero was found guilty of Contraband. Each was subject to the imposition of up to two of the listed penalties. Rivera and Romero were each sentenced to 30 days loss of good time, noted as "F.T.E.", and custody change. However, each was also referred to "Special Court" and each had imposed the additional penalty of forfeiture of 150 days of good time. The Commissioner found this action constituted the imposition of a third penalty.
First, the Department states the forfeiture of 150 days good time was not the imposition of a third penalty; rather, the F.T.E. 30 days good time and referral to "Special Court", which resulted in forfeiture of 150 days good time, constitute one penalty. However, the Rules clearly establish what penalties are available. Referral to "Special Court" is not an available penalty, nor is it a component of an available penalty. This argument lacks merit.
Next, the Department argues the adoption of Department Regulation B-04-005 authorizes the imposition of referral to "Special Court". Although the record does not contain Department Regulation B-04-005, the record does include the memoranda which referenced the regulation. The memoranda state:
In accordance with Department Regulation No. B-04-005 based on La. R.S. 15:571.4(B) and (C):
* * * * * *
3. Any inmate who commits a serious institutional disciplinary offense shall forfeit up to a maximum of 180 days good time ....
However, we do not find that the provisions of the Louisiana Administrative Procedure Act, La. R.S. 49:950 et seq., as required by La. R.S. 15:571.4 C, were complied with in the adoption of Department Regulation 04-005. La. R.S. 49:951(6) provides:
"Rule" means each agency statement, guide, or requirement for conduct or action, exclusive of those regulating only the internal management of the agency and those purporting to adopt, increase, or decrease any fees imposed on the affairs, actions, or persons regulated by the agency, which has general applicability and the effect of implementing or interpreting substantive law or policy, or which prescribes the procedure or practice requirements of the agency. "Rule" includes, but is not limited to, any provision for fines, prices or penalties, the attainment or loss of preferential status, and the criteria or qualifications for licensure or certification by an agency. A rule may be of general applicability even though it may not apply to the entire state, provided its form is general and it is capable of being applied to every member of an identifiable class. The term includes the amendment or repeal of an existing rule but does not include declaratory rulings or orders or any fees.
The Rules are rules within the meaning of La. R.S. 49:951(6). Department Regulation B-04-005, as referenced in the memoranda included in the record, is clearly a provision for penalties, i.e., the forfeiture of good time. Therefore, it also is a rule as defined by La. R.S. 49:951(6).
La. R.S. 49:953 sets forth extensive procedures to be followed for the adoption of rules. No rule shall be effective, nor may it be enforced, unless it was adopted in substantial *613 compliance with the provisions of the Louisiana Administrative Procedure Act. La. R.S. 49:954 A. La. R.S. 49:954(B) provides: "Each rule hereafter adopted shall be effective upon its publication in the Louisiana Register...." Furthermore, court shall take judicial notice of rules of boards, commissions, and agencies of this state that have been duly published and promulgated in the Louisiana Register. La. C .E. art. 202 B(1)(b).
The Department failed to follow the provisions of the Louisiana Administrative Procedure Act, as required by La. R.S. 15:571.4 C, to amend the available penalties for Schedule B violations. Thus it cannot now argue a Department Regulation preempts the published Rules. As stated in the Rules, only one or two of the listed penalties may be imposed, not three, and no others but the listed penalties. The adoption of Department Regulation B-04-005 does not empower the Department to provide for additional penalties which are not authorized by the Rules. This argument lacks merit.
Lastly, the Department argues La. R.S. 15:571.4 B(4) authorizes the forfeiture of up to 180 days good time. While we agree the amended version of the statute states up to 180 days good time may be forfeited in some instances, authority to act by one subsection of a statute does not negate a requirement by another sub-section. La. R.S. 15:571.4 C clearly mandates the Department shall "in accordance with the Administrative Procedure Act, promulgate and adopt rules and regulations for the forfeiture of good time as provided in Subsection B. ..." Department Regulation B-04-005, regulating the forfeiture of good time, was not published and adopted in accordance with the Administrative Procedure Act, as is required by La. R.S. 15:571.4 C. This argument lacks merit.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court in favor of Terry A. Rivera, Sr. and Joseph Romero. All costs of this consolidated appeal, in the total amount of $516.48, to be paid by the Department of Public Safety and Corrections.
AFFIRMED.
NOTES
[1] This sub-section, amended by Louisiana Acts 1995, No. 980, effective August 15, 1995, previously provided "shall not exceed the maximum number of days allowable for any one month of time served as provided in Subsection A of this Section".