740 So.2d 761 (1999)
Henry L. WASHINGTON
v.
LOUISIANA STATE PENITENTIARY, Burl N. Cain, Warden.
No. 98 CA 1310.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
Henry L. Washington # 123799, Louisiana State Prison, pro se.
L. Bruce Dodd, Baton Rouge, Counsel for Defendants/Appellants Burl Cain, et al.
Before: FOIL, KUHN, and WEIMER, JJ.
KUHN, J.
In this appeal, the Louisiana Department of Public Safety and Corrections ("the Department"), challenges the determination of the trial court that the Department exceeded its authority in the imposition of disciplinary penalties. We affirm.

FACTS AND PROCEDURAL HISTORY
On December 19, 1996, a disciplinary report was issued against Henry L. Washington, an inmate incarcerated at the Louisiana State Penitentiary at Angola, for violations of two disciplinary rules: Defiance and Aggravated Disobedience. The record establishes that after a hearing on December 23, 1996, Washington was found guilty and sentenced to a loss of four weeks of telephone privileges and 30 days of good time.
*762 Washington appealed the decision of the Disciplinary Board to the Deputy Warden. On June 5, 1997, his appeal was granted in part, deleting the rule violation for Aggravated Disobedience. His claim that the loss of good time should not have been applied since he had already lost 30 days of good time in the same month, was denied. On September 15, 1997, the Secretary of the Department agreed with the Warden's appeal decision finding it adequately addressed Washington's claims. The Secretary additionally noted "that an inmate may lose up to 180 days good time per month. The seriousness of the offense warranted the sentence imposed. Thus, we concur with the decision of the Disciplinary Board and Warden. Appeal denied."
Washington sought judicial review in accordance with La. R.S. 15:1171, et seq. Following a review hearing on February 10, 1998, the Commissioner of the Nineteenth Judicial District Court recommended that the sentence imposed be vacated as excessive. The trial court accepted the recommendations of the Commissioner and rendered judgment in favor of Washington vacating the December 23, 1996 sentence imposing a loss of good time of 30 days.
The Department appeals.

LAW AND ANALYSIS
The Department contends that the Commissioner erred in determining that the Department imposed multiple penalties beyond those authorized. Specifically, the Department asserts it was error for the Commissioner to hold that the penalty of the loss of an additional 30 days of good time for a second offense in the same month is prohibited by the Department's own rules. The Department asserts that the loss of good time imposed upon Washington was the result of two separate incidents, that two separate penalties were imposed and the penalties were permissible by statute and by the Department's regulations.

Standard of Review
La. R.S. 15:1171-1177 provide the statutory authority for the administrative review procedure designed to receive, hear, and dispose of "any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof..." and includes appeals of disciplinary actions. La. R.S. 15:1171(B). Judicial review of an adverse decision is available pursuant to La. R.S. 15:1177.
Judicial review shall be confined to the record, as developed by the administrative proceedings. La. R.S. 15:1177(A)(5). The court may reverse or modify the agency decision if substantial rights of the appellant are prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) manifestly erroneous. La. R.S. 15:1177(A)(9); Lay v. Porey, 97-2903, pp. 3-4 (La.App. 1st Cir.12/28/98); 727 So.2d 592, 594.
The manifest error test is used in reviewing the facts as found by the administrative tribunal; the arbitrary and capricious test is used in reviewing the administrative tribunal's conclusions and its exercise of discretion. Rochon v. Whitley, 96-0835, p. 5 (La.App. 1st Cir.2/14/97); 691 So.2d 189, 192.

Statutes, Rules and Regulations
The statutory authority for forfeiture of diminution of sentence, or loss of good time, is found in La. R.S. 15:571.4 which provides in pertinent part:
A. Determination shall be made by the secretary on a monthly basis as to whether good time has been earned by inmates in the department's custody. Good time which has been earned by inmates in the custody of the Department *763 of Public Safety and Corrections, hereinafter referred to as the "department", shall not be forfeited except as provided in Subsection C of this Section.
. . . .[1]
B.(4) In all other cases, forfeiture of good time may include up to a maximum of one hundred eighty days.[2]
C. The department shall, in accordance with the Administrative Procedure Act,[3] promulgate and adopt rules and regulations for the forfeiture of good time as provided in Subsection B herein. The rules and regulations shall include but not be limited to the following:
(1) That written notification of the forfeiture be provided to the inmate and that the inmate within fifteen days after such notification may make a written request for a hearing to review the forfeiture of good time.
(2) That, upon request of the inmate, a hearing shall be conducted to review the finding that the inmate committed an escape and other facts relevant to the forfeiture. The hearing shall be conducted as a disciplinary proceeding. The inmate shall have the right to be present, to be represented by counsel, and to offer exculpatory evidence or evidence in mitigation.
(3) That, upon request of the inmate, a hearing shall be conducted to review the finding that the inmate committed a battery on an employee of the Department of Public Safety and Corrections or on a police officer as defined in R.S. 14:34.2, and other facts relevant to the forfeiture. The hearing shall be conducted as a disciplinary proceeding. The inmate shall have the right to be present, to be represented by counsel, and to offer exculpatory evidence or evidence in mitigation.
(4) That, at the conclusion of such hearing, a determination shall be made to either affirm the forfeiture of good time, reject the forfeiture, or make such modification to the forfeiture as may be appropriate. (Footnote 3 in the original.)
The Disciplinary Rules For Adult Prisoners (the Rules), adopted by the Department and published in the Louisiana Register, became effective February 15, 1993. The Rules set forth the definitions of disciplinary violations together with possible sentences for violation of the rules. Violations are classified as either Schedule A or Schedule B offenses. Defiance is listed as a serious or Schedule B offense. After a finding of guilt for a Schedule B offense, the Rules provide that the Disciplinary Board may impose one or two of the listed penalties. At all pertinent times hereto, the listed penalties included "Loss of Good Timeup to the amount that the inmate may earn for one month" and the "Loss of Minor Privilege for up to four weeks...." Minor privileges included the use of the telephone (except for emergencies and legal).
Also, the Rules include a section entitled Penalty Clarifications. A subsection for Good Time provides:
The date of the offense controls the month for which an inmate fails to earn good time through disciplinary action (such as "failure to earn" occurring for the month during which the offense was committed). An inmate can only lose as much good time as he can earn.
The Department relies on its amended Regulation No. B-04-005, dated April 24, *764 1996. The regulation provides for rules related to the forfeiture of good time from inmates who escape or commit battery on an employee of the Department or commit other serious institutional disciplinary offenses. "Other serious institutional disciplinary offenses" is defined as serious Schedule B offenses and Incident Reports. The regulation establishes the procedures for requesting a "Forfeiture of Good Time" hearing and notice regarding the same. The regulation also provides for "forfeiture of up to a maximum of 180 days on that portion of his sentence served prior to committing a serious institutional disciplinary offense."
On November 27, 1995, Richard Stalder, Secretary of the Department, issued a memorandum acknowledging that the revision of Regulation No. B-04-005 to incorporate the 180-day forfeiture of good time for "serious institutional disciplinary offenses" was not clear. In an attempt to clarify the intent of the regulation, the memorandum provides in part:
The 180 day maximum loss of good time for "serious disciplinary offenses" is part of the disciplinary process and is one of the two allowable penalties. The 180 days replaces the previous language in the law that limited the loss to the maximum number of days earned for any one month of time served, (normally, 30 days).
The memorandum further provides:
You are no longer limited to a maximum loss of good time per month equal to the amount earned per month. Each incident may be handled in accordance with the revised regulation and this memo. No separate hearing is required to invoke this element of the new law as long as the Disciplinary Court does not exceed, per incident, the provisions of Schedule A and Schedule B penalties for loss of good time.

Discussion
The Department does not dispute the facts as set forth by the Commissioner, but the Department disagrees with the Commissioner's analysis of the law. Pertinent facts regarding Washington's previous disciplinary violations are set forth by the Commissioner as follows:
The complaint by the Petitioner in the instant matter is that the Department violated it's [sic] own rules and exceeded it's [sic] authority in imposing a sentence of failure to earn thirty (30) days of good-time for the month of December when the Petitioner had already been punished by a failure to earn thirty (30) days of good-time for the same month of December for a prior disciplinary charge of aggravated disobedience and property destruction which charges were lodged December 13th, 1996, and sentence was imposed on December 16th, 1996.
The administrative record includes five separate disciplinary reports for the month of December which resulted in two separate penalties of a failure to earn a total of sixty (60) days good-time, in addition to four weeks loss of phone privileges and an interprison transfer.
The Commissioner determined that the Department violated its own rules and exceeded its authority by affirming the decision of two separate Disciplinary Boards to forfeit a total of 60 days of Washington's good time for two disciplinary violations occurring during the month of December when the rules provide that an inmate can only lose what he can earn in any one month.[4]
*765 The Department acknowledges that the Rules were not amended to reflect the amendment of La. R.S. 15:571.4 B(4). The Department, nevertheless, relies on La. R.S. 15:571.4 together with Regulation No. B-04-005 and its clarifying memorandum, to support its argument that 30 days loss of good time is permissible, per incident, up to a maximum of 180 days. The Commissioner, however, reasoned that to construe the statutory and regulatory scheme in the manner suggested by the Department "would require the Court to ignore the disciplinary rules limiting the Disciplinary Board's authority to ordering a `failure to earn' only as much good-time as the inmate could earn for the month during which the offense was committed." Thus, according to the Commissioner, "the only reasonable interpretation of the penalty clarification set forth in the Disciplinary Rules for Schedule B violations is that an inmate can fail to earn only as much time for a particular month as he could otherwise have earned, i.e., thirty (30) days. If that is the case, and the `date of the offense' controls the month for which an inmate fails to earn good-time through disciplinary action, an inmate, by the language of the rules, can only fail to earn thirty (30) days for the month of December, regardless of the number of violations."
Subsequent to the date of the Commissioner's recommendations, as well as the judgment, in this matter, this court rendered its decision in Rivera v. State, 98-0507, 98-0508 (La.App. 1st Cir.12/28/98); 727 So.2d 609, writ denied, 99-0289 (La.3/26/99); 740 So.2d 617. Rivera held that the Department failed to follow the provisions of the Administrative Procedure Act as required by La. R.S. 15:571.4 C to amend the available penalties for schedule B violations. In Rivera, we stated that the adoption of Regulation B-04-005 did not empower the Department to provide for additional penalties which are not authorized by the Rules and that the regulation is clearly a provision for penalties, i.e., the forfeiture of good time. As such, the regulation is a rule as defined by La. R.S. 49:951(6) and, to be effective, must comply with the provisions of the Administrative Procedure Act. Because the regulation was not published and adopted in accordance with the Act, the Department regulation could not preempt the published Rules. Rivera, 98-0507 at pp. 5-6; 727 So.2d at 612-613.
The Department also made the argument in Rivera, as it does here, that, regardless of the Rules and regulations, La. R.S. 15:571.4 authorizes forfeiture of up to 180 days good time. In response, the court stated:
While we agree the amended version of the statute states up to 180 days good time may be forfeited in some instances, authority to act by one subsection of a statute does not negate a requirement of another sub-section. La. R.S. 15:571.4 C clearly mandates the Department shall "in accordance with the Administrative Procedure Act, promulgate and adopt rules and regulations for the forfeiture of good time as provided in Subsection B ...." Department Regulation B-04-005, regulating the forfeiture of good time, was not published and adopted in accordance with the Administrative Procedure Act, as required by La. R.S. 15:571.4 C.
Rivera, 98-0507 at p. 6; 727 So.2d at 613.[5]
Thus, in light of this court's decision in Rivera holding that the Department could *766 not enhance any disciplinary penalty of loss of good time in excess of the amount in the Rules in effect at the time, notwithstanding La. R.S. 15:571.4 B, we are constrained to agree that the loss of the additional 30 days of good time ordered by the Disciplinary Board on December 23, 1996, is an excessive sentence under the Department's own rules. Thus, we find no error in the judgment of the trial court in favor of the plaintiff, Henry L. Washington.

CONCLUSION
For the foregoing reasons, the judgment of the trial court in favor of appellee, Henry L. Washington, ordering the appellant, the Louisiana Department of Public Safety and Corrections, to vacate the December 23, 1996 sentence of loss of thirty (30) days of good time, is affirmed. Costs of this appeal, in the amount of $519.45, are assessed against the Department.
AFFIRMED.
NOTES
[1] Subsection B(1), (2) and (3) provide for instances of escape, parole violations and battery upon a Department employee or police officer, none of which are applicable in the present matter.
[2] Acts 1995, No. 980, Section 1, substituted "may include up to a maximum of one hundred eighty days" for "shall not exceed the maximum number of days allowable for any one month of time served as provided in Subsection A of this Section."
[3] La. R.S. 49:950 et seq.
[4] The Commissioner also found a significant distinction between "failure to earn" good time and "forfeiture of good time." The Commissioner determined that in order to forfeit good time, which has been earned, the statute applies, and the Department is required to hold a forfeiture hearing which was not done in this case. The Commissioner determined that the "failure to earn" good time is a prospective loss of good time, as provided in the Rules and, therefore, an inmate can only lose what he can earn in any one month. Because we affirm the judgment of the trial court based on the Rules and regulations in effect at the time of the disciplinary proceedings in this matter, as more fully explained hereinafter, we need not decide whether the distinction made by the Commissioner between "failure to earn" good time and "loss of good time" is correct.
[5] In response to this court's decision in Rivera, the Department adopted and published an emergency rule change relative to the Disciplinary Rules and Procedures for Adult Inmates, LAC 22:1:341 et seq., effective January 4, 1999 (in effect for a period of 120 days or until the final rule change is promulgated, whichever occurs first). The Rule change includes an amendment to the listed penalties for schedule B violations and substitutes the language, "Forfeiture of good time up to a maximum of 180 days," for "loss of good time-up to the amount earned by the inmate for one month." See Louisiana Register, Vol. 25, No. 1, p. 15. The notice of intent to amend the Department's rules and regulations regarding the Disciplinary Board Penalty Schedule, i.e., the final rule change, is found in the Louisiana Register, Vol. 25, No. 2, p. 357.