738 So.2d 1169 (1999)
Tyrone HUNTER
v.
Richard STALDER, James LeBlanc, Ms. Jewel Williams, and all John Does Found in Discovery.
No. 98 CA 2326.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
Tyrone Hunter, Dixon Correctional Institute, Jackson, for Plaintiff/Appellant, pro se.
Roxie F. Goynes-Clark, Baton Rouge, Counsel for Defendants/Appellees, Richard Stalder, et al.
*1170 Before: SHORTESS, LeBLANC and GONZALES, JJ.
GONZALES, J.
This is an appeal from the dismissal of plaintiff's petition for judicial review. The plaintiff, Tyrone Hunter, is a prisoner in the custody of the Department of Public Safety and Corrections (DPSC) at Dixon Correctional Institute. Mr. Hunter filed an emergency writ of habeas corpus after a "Special Disciplinary Board" revoked all of his accrued good time following his commission of a simple escape in violation of prison regulations.
On March 27, 1997, while on work release at the St. Tammany Parish Prison, Mr. Hunter committed a simple escape, leaving his assigned work post to go visit his girlfriend. He returned to his work post later in the day. At a Disciplinary Board hearing on April 11, 1997, Mr. Hunter was given a punishment of the loss of 30 days of good time and 8 days of room confinement. Mr. Hunter was also referred to the "Special Disciplinary Board." At the "Special Disciplinary Board" hearing on May 6, 1997, it was determined that the loss of all good time prior to the escape was the appropriate penalty for Mr. Hunter. Thereafter, Mr. Hunter filed his petition for judicial review in the Nineteenth Judicial District Court, claiming such authority under La. R.S. 15:1177(A), (erroneously cited as La. R.S. 15:1171(B)).
After a review of Mr. Hunter's claim, the Nineteenth Judicial District Court Commissioner recommended that Mr. Hunter's suit be dismissed. After consideration, the trial court dismissed Mr. Hunter's suit.
Mr. Hunter makes no specific assignment of error, but gives the following "issue" for the court's consideration:
Whether or not the Department of Corrections is in violation of [sic] failure to incorporate the amendment to the statute of R.S. 15:571.4(B) and (C) and DOC Regulation No. B-04-005, into the disciplinary rules for adult prisoners handbook.
Mr. Hunter claims the disciplinary rule that was applied to him by the "Special Disciplinary Board" (loss of all good time) had not been properly promulgated in accord with 15:571.4(C); therefore, the rule could not be applied to him.
Louisiana Revised Statute 15:571.4 provides, in pertinent part, as follows:
A. Determination shall be made by the secretary on a monthly basis as to whether good time has been earned by inmates in the department's custody. Good time which has been earned by inmates in the custody of the Department of Public Safety and Corrections, hereinafter referred to as the "department", shall not be forfeited except as provided in Subsection C of this Section.
B. (1) An inmate who is sentenced to the custody of the Department of Public Safety and Corrections and who commits a simple or aggravated escape from any correctional facility or from the lawful custody of any law enforcement officer or officer of the department may forfeit all good time earned on that portion of his sentence served prior to his escape.
* * * * * *
C. The department shall, in accordance with the Administrative Procedure Act, promulgate and adopt rules and regulations for the forfeiture of good time as provided in Subsection B herein. The rules and regulations shall include but not be limited to the following:
(1) That written notification of the forfeiture be provided to the inmate and that the inmate within fifteen days after such notification may make a written request for a hearing to review the forfeiture of good time.
(2) That, upon request of the inmate, a hearing shall be conducted to review the finding that the inmate committed an escape and other facts relevant to the forfeiture. The hearing shall be conducted as a disciplinary proceeding. *1171 The inmate shall have the right to be present, to be represented by counsel, and to offer exculpatory evidence or evidence in mitigation.
* * * * * *
(4) That, at the conclusion of such hearing, a determination shall be made to either affirm the forfeiture of good time, reject the forfeiture, or make such modification to the forfeiture as may be appropriate.
(Footnote omitted.)
If applicable, Louisiana Revised Statute 15:1177(A) directs the scope of judicial review of decisions rendered pursuant to any administrative remedy procedures. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are in violation of constitutional or statutory provisions; in excess of the statutory authority of the agency; made upon unlawful procedure; affected by other error of law; arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the manifest error rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of the demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues. La. R.S. 15:1177(A)(9).
We note that this case was treated as though the provisions of the Corrections Administrative Remedy Procedure (CARP) are the controlling procedure. The CARP, La. R.S. 15:1171 et seq., is a statutory scheme whereby the Department and sheriffs at adult and juvenile penal institutions receive, hear, and dispose of all "complaints and grievances" by adult and juvenile offenders against certain defendants. See Rochon v. Whitley, 96-0835 (La.App. 1 Cir. 2/14/97), 691 So.2d 189.
By its terms, the CARP applies to "any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law[,] and by way of illustration[,] includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes." La. R.S. 15:1171(B). However, La. R.S. 15:1171(B) specifically states that "the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989," is included as part of the exclusive remedy provided by the procedures of the CARP. Therefore, agency and judicial review of disciplinary matters was not changed by the enactment of the CARP and is still performed in accordance with the APA, as directed by the Supreme Court in State ex rel. Armistead v. Phelps, 365 So.2d 468, 469 (La.1978) (per curiam).[1]
Considering that this case is properly reviewable under the APA, the Nineteenth Judicial District Court had subject matter jurisdiction because a liberty interest is at issue. A liberty interest is within the purview of an adjudication under the APA. The APA provides for judicial review in an adjudication. An adjudication is a proceeding resulting in a decision or order. A decision or order is, for purposes of the APA, a disposition required by constitution or statute to be made only after notice and a hearing. Therefore, unless there is some constitutional or statutory provision requiring that prisoners be given notice and a hearing on the record prior to the Department's decision regarding discipline matters, then the Department's decision is not subject to judicial review under the APA. Delta Bank & Trust Company v. Lassiter, 383 *1172 So.2d 330, 333 (La.1980); Jones v. Southern University, A & M College System, through Board of Supervisors, 96-1430 (La.App. 1 Cir. 5/9/97), 693 So.2d 1265, 1268-1269; Parochial Employees' Retirement System of Louisiana v. Caddo Parish Commission, etc., 95-0243 (La.App. 1 Cir. 3/15/96), 676 So.2d 105, 107, writ denied, 96-0955 (La.5/31/96), 673 So.2d 1031. See also Matter of Carline Tank Services, Inc., 627 So.2d 669, 670 (La.App. 1 Cir. 1993) (on rehearing). Where there has been a loss of good time, a liberty interest and thus a constitutional issue is raised and therefore an adjudication within the subject matter jurisdiction of the Nineteenth Judicial District Court is raised pursuant to La. R.S. 49:964.
The issue raised by Mr. Hunter in this appeal was recently addressed by this court in Rivera v. State, 98-0507, 98-0508 (La.App. 1 Cir. 12/28/98), 727 So.2d 609, writ denied, 99-0289 (La.3/26/99) 740 So.2d 617. In that case, this court found:
La. R.S. 49:953 sets forth extensive procedures to be followed for the adoption of rules. No rule shall be effective, nor may it be enforced, unless it was adopted in substantial compliance with the provisions of the Louisiana Administrative Procedure Act. La. R.S. 49:954 A. La. R.S. 49:954(B) provides: "Each rule hereafter adopted shall be effective upon its publication in the Louisiana Register...." Furthermore, court shall take judicial notice of rules of boards, commissions, and agencies of this state that have been duly published and promulgated in the Louisiana Register. La. C .E. art. 202 B(1)(b).
The Department failed to follow the provisions of the Louisiana Administrative Procedure Act, as required by La. R.S. 15:571.4 C, to amend the available penalties for Schedule B violations. Thus it cannot now argue a Department Regulation preempts the published Rules. As stated in the Rules, only one or two of the listed penalties may be imposed, not three, and no others but the listed penalties. The adoption of Department Regulation B-04-005 does not empower the Department to provide for additional penalties which are not authorized by the Rules. This argument lacks merit.
Lastly, the Department argues La. R.S. 15:571.4 B(4) authorizes the forfeiture of up to 180 days good time. While we agree the amended version of the statute states up to 180 days good time may be forfeited in some instances, authority to act by one sub-section of a statute does not negate a requirement by another sub-section. La. R.S. 15:571.4 C clearly mandates the Department shall "in accordance with the Administrative Procedure Act, promulgate and adopt rules and regulations for the forfeiture of good time as provided in Subsection B ...." Department Regulation B-04-005, regulating the forfeiture of good time, was not published and adopted in accordance with the Administrative Procedure Act, as is required by La. R.S. 15:571.4 C. This argument lacks merit.
We further note that, in response to Rivera v. State, the DPSC promulgated an emergency rule in Louisiana Register Vol. 25, No .1, p. 15 (effective January 20, 1999), and a permanent rule in Louisiana Register Vol. 25, No.2, p. 357 (effective February 20, 1999), relative to the amount of good time which can be forfeited by the Disciplinary Board.
However, at the time Mr. Hunter was referred to a "Special Disciplinary Board" which imposed a disciplinary action of forfeiture of all of his accrued good time against him, the rule allowing the DPSC to forfeit this additional good time had not yet been promulgated by the DPSC and thus not yet been adopted under APA rulemaking procedure. Therefore, the rule could not be applied to Mr. Hunter, and it cannot be applied ex post facto.
Therefore, the judgment of the trial court, dismissing Mr. Hunter's appeal, is REVERSED. We REMAND this case to *1173 the trial court for further proceedings in accord with this opinion. Costs are assessed against the DPSC.
NOTES
[1] See Johnson v. Department of Corrections, 97-1891 (La.App. 1st Cir. 6/25/99), 738 So.2d 1165, also decided this date.