806 So.2d 121 (2001)
Glenn R. VARNER
v.
Ed C. DAY, Jr., Warden, Washington Correctional Institute, Major Ledge, Terry Wood, Lieutenant Investigating Officer, Clara Wells, Colonel Herrin, and Mr. Joe Smith.
No. 2000 CA 2104.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
Rehearing Denied February 6, 2002.
*122 Glenn R. Varner, Homer, LA, for plaintiff appellant in proper person.
William J. Kline, Baton Rouge, LA, for defendantsappellees, Ed C. Day, Jr., et al.
Before FITZSIMMONS, DOWNING, and LANIER[1], JJ.
FITZSIMMONS, Judge.
Plaintiff, Glenn R. Varner, filed a petition with the district court for review of the decision of the Secretary, Department of Public Safety and Corrections (department). Mr. Varner alleged that he was not guilty of escape and that the sentence of forfeiture of all his good time should be rescinded. The district court affirmed the department's decision. Mr. Varner appealed. We reverse the judgment of the district court, which dismissed Mr. Varner's suit, and remand to the department for amendment of the sentence.
On November 9, 1997, plaintiff, Mr. Varner, was an inmate at a halfway house. At 11:15 p.m., he was given permission to get a food tray. When a head count was taken about midnight, Mr. Varner was not present. Mr. Varner did not return to his housing until 1:46 a.m.
As a result of his absence, Mr. Varner was charged with escape, a violation of Rule 8 of the Disciplinary Rules and Procedures for Adult Inmates (Adult Rules).[2] *123 See LAC 22:I:365 I (LAC designation for Rule 8). Mr. Varner received a disciplinary report on the incident. However, the disciplinary report contained no disposition of the case or sentence. On November 28, 1997, he received another disciplinary report as notice of the violation of Rule 8 based on the same alleged escape. The disciplinary board found him guilty of escape and recommended forfeiture of all good time. Mr. Varner requested a forfeiture of good time hearing. After that hearing, the good time forfeiture was affirmed. The board cited La.R.S. 15:571.4 and Regulation # B-04-005 as authority. Mr. Varner administratively appealed the decision to the warden, who denied the appeal, and then to the department. Upon review, the department found a sufficient basis for the guilty verdict and found that the sentence was within the guidelines.
Subsequently, Mr. Varner filed his petition for judicial review and named as defendants Ed C. Day, Warden of Washington Correctional Institute, and various other staff or employees of the department. In the district court commissioner's written recommendation, he particularly noted that Mr. Varner had been absent from his housing for over two hours, essentially absent from where he was confined, and found that Mr. Varner's unexplained absence violated the department's rules. The commissioner also found that the forfeiture was "mandated" under the applicable rules, and recommended that Mr. Varner's suit be dismissed. After considering the pleadings, evidence, and commissioner's recommendation, the district court found in favor of the defendants and dismissed Mr. Varner's suit, with prejudice and at plaintiff's cost.
Mr. Varner assigns three errors to the district court judgment: (1) insufficient evidence that his absence met the department's definition of escape, (2) forfeiture of all good time violated the applicable rules and holdings in Hunter v. Stalder, 98-2326 (La.App. 1 Cir. 6/25/99), 738 So.2d 1169, overruled on issue of standard of review, Victorian v. Stalder, 99-2260 (La.App. 1 Cir. 7/14/00), 770 So.2d 382;[3] and Rivera v. State, 98-0507, 98-0508 (La.App. 1 Cir. 12/28/98), 727 So.2d 609, writ denied, 99-0289 (La.3/26/99), 740 So.2d 617; and (3) failure of the authorities to offer a hearing within 72 hours after placement in administrative lockdown.
From our thorough review of the record, we find no basis for a reversal based on assignments of errors one and three. On the issues raised by those assignments, we see no manifest error in the findings nor do we find that the decision of the department was capricious, arbitrary, or an abuse of discretion. See La.R.S. 15:1177A(9). Mr. Varner's "failure to return" for over two hours to the halfway house where he was confined met the definition of escape in the Adult Rules. LAC 22:I:365 I. Additionally, Mr. Varner failed to submit sufficient evidence that any required hearings were untimely. However, based on Rivera and Hunter, we do find that the sentence of forfeiture of all good time pursuant to Department Regulation No. B-04-005, as it appeared in 1997, was error.
For the sentence imposed, the disciplinary board relied on La.R.S. 15:571.4 and Department Regulation No. B-04-005, as they appeared at the time of the escape in 1997. Louisiana Revised Statute *124 15:571.4 provided, in pertinent part, as follows:
A. Determination shall be made by the secretary on a monthly basis as to whether good time has been earned by inmates in the department's custody. Good time which has been earned by inmates in the custody of the Department of Public Safety and Corrections, hereinafter referred to as the "department", shall not be forfeited except as provided in Subsection C of this Section.
B. (1) An inmate who is sentenced to the custody of the Department of Public Safety and Corrections and who commits a simple or aggravated escape from any correctional facility or from the lawful custody of any law enforcement officer or officer of the department may forfeit all good time earned on that portion of his sentence served prior to his escape.

* * *
C. The department shall, in accordance with the Administrative Procedure Act, promulgate and adopt rules and regulations for the forfeiture of good time as provided in Subsection B herein. The rules and regulations shall include but not be limited to the following:
(1) That written notification of the forfeiture be provided to the inmate and that the inmate within fifteen days after such notification may make a written request for a hearing to review the forfeiture of good time.
(2) That, upon request of the inmate, a hearing shall be conducted to review the finding that the inmate committed an escape and other facts relevant to the forfeiture. The hearing shall be conducted as a disciplinary proceeding. The inmate shall have the right to be present, to be represented by counsel, and to offer exculpatory evidence or evidence in mitigation.
* * *
(4) That, at the conclusion of such hearing, a determination shall be made to either affirm the forfeiture of good time, reject the forfeiture, or make such modification to the forfeiture as may be appropriate. (Emphasis added.)
Although La.R.S. 15:571.4 B(1) authorized the forfeiture of up to all of the accrued good time, authority to act by one sub-section of a statute does not negate a requirement by another sub-section. See Washington v. Louisiana State Penitentiary, 98-1310, pp. 8-9 (La.App. 1 Cir. 6/25/99), 740 So.2d 761, 765-66; Hunter, 98-2326 at p. 6, 738 So.2d at 1172; Rivera, 98-0507 at p. 6, 727 So.2d at 613. At the time of the offense, La.R.S. 15:571.4 C clearly mandated that the "department shall, in accordance with the Administrative Procedure Act, promulgate and adopt rules and regulations for the forfeiture of good time as provided in Subsection B...."
La.R.S. 49:953 sets forth extensive procedures to be followed for the adoption of rules. No rule shall be effective, nor may it be enforced, unless it was adopted in substantial compliance with the provisions of the Louisiana Administrative Procedure Act. La.R.S. 49:954 A. La.R.S. 49:954 B provides: "Each rule hereafter adopted shall be effective upon its publication in the Louisiana Register...." Furthermore, the court shall take judicial notice of "[r]ules of boards, commissions, and agencies of this state that have been duly published and promulgated in the Louisiana Register." La. C.E. art. 202B(1)(b).
The 1997 version of Department Regulation No. B-04-005 mandated the forfeiture *125 of all good time earned before the escape.[4] However, the 1997 version of the regulation had not been published and adopted in accordance with the Administrative Procedures Act, as required by La.R.S. 15:571.4 C. See Hunter, 98-2326 at p. 6, 738 So.2d at 1172; Rivera, 98-0507 & 98-0508 at p. 6, 727 So.2d at 613. Thus, the adoption of Department Regulation B-04-005 did not empower the department to provide for penalties not otherwise authorized by the Adult Rules, or other duly promulgated rules or regulations. Id. In the absence of No. B-04-005, we must look for the properly promulgated and adopted rules and regulations applicable to the forfeiture of good time at the time of Mr. Varner's escape.[5]
In 1997, Mr. Varner was charged with violation of Rule 8, escape, of the Adult Rules, also designated as LAC 22:I:365 I. The Adult Rules classified escape as a Schedule B violation. LAC 22:I:365 I. For a Schedule B violation heard by the disciplinary board at the time of the offense, the Adult Rules provided a penalty: forfeiture of good time "up to the amount that the inmate may earn for one month." See LAC 22:I:359 A 2(f). Thus, under the applicable, valid Adult Rules, Mr. Varner's sentence could not have been for more than forfeiture of one month of good time.
We recognize that the department submitted as an exhibit to the record a copy of LAC 22:I:333. Apparently, on appeal, the department relied on that section as a basis for the sentence imposed by the disciplinary board. In 1997, Section 333 E(4)(b) & (c) provided that inmates guilty of simple escape from state institutions, other than Louisiana State Penitentiary, and other jurisdictions "shall forfeit all good time earned on that portion of the sentence served prior to the escape." Thus, sections 333 and 359 provided different penalties for escape. With two different penalty ceilings for the same proscribed behavior, we must determine which rule applies to this particular case.
The statutory and jurisprudential rules for statutory construction and interpretation apply equally well to ordinances, rules, and regulations. See Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984). "Laws on the same subject matter must be interpreted in reference to each other." La.C.C. art. 13. However, if there is a conflict of provisions, the "statute specifically directed to the matter at issue must prevail as an exception" to the more general statute. State, Division of Administration v. McInnis Brothers Construction, 97-0742, p. 14, n. 10 (La.10/21/97), 701 So.2d 937, 947, n. 10. An interpretation used by the state administrative agency may be persuasive, but inconsistent interpretation of the overall scheme or use of the wrong rule cannot stand. See Jurisich v. Jenkins, 99-0076, p. 8 (La.10/19/99), 749 So.2d 597, 602; MRT Exploration Company v. *126 McNamara, 94-0063, 94-0064, pp. 7-8 (La. App. 1 Cir. 6/20/97), 703 So.2d 40, 43.
Section 333 is found in Title 22, Part I, Subchapter A, general provisions, and is not a part of the Adult Rules, LAC 22:I:341, et seq. Mr. Varner was charged with a violation of the Adult Rules, specifically Rule 8, escape, or LAC 22:I:365 I. Section 365 I classified escape as a Schedule B violation. The penalty for violation of Schedule B violations of the Adult Rules is found in LAC 22:I:359 A(2). Section 359 specifically applied to disciplinary reports heard by the disciplinary board, as was Mr. Varner's case. Here, the Adult Rules provided the lower sentencing range. Based particularly on the notification and charge under the Adult Rules, and the specificity of the rules to these facts, we find that LAC 22:I:359 A(2)(f) provided the specific penalty for Mr. Varner's charged violation.
For these reasons, we reverse the judgment dismissing the suit. The department's finding of a violation of Rule 8, escape, is affirmed, but the sentence imposed is amended to forfeiture of one month of good time. The case is remanded to the department for the necessary proceedings consistent with this opinion. The costs of the appeal, $999.14, are assessed to the department.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The Honorable Walter I, Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The Adult Rules are initially published in the Louisiana Register and compiled in the Louisiana Administrative Code, Title 22, Part I, Chapter Three, Sub-Chapter B. See LAC 22:I:341, et seq. The Adult Rules can also be found in pamphlet form, as published by the Department of Public Safety and Corrections. References to LAC are to versions applicable at the time of the charged offense.
[3] Victorian held that La.R.S. 15:1177 provided the correct standard of review. Victorian, 99-2260 at pp. 5-6, 770 So.2d at 384-85.
[4] Although the regulation is not contained in the record, a memorandum dated November 28, 1997, is in the record. The memorandum references the regulation and the provisions relied on by the disciplinary board. See Rivera, 98-0507 & 98-0508 at p. 5, 727 So.2d at 612.
[5] We are aware that, in response to the Rivera decision, the department promulgated an emergency rule in Louisiana Register Vol. 25, No. 1, p. 15 (effective January 4, 1999), and a permanent rule in Louisiana Register Vol. 25, No. 2, p. 357 (effective February 20, 1999), relative to the amount of good time that can be forfeited under the direction of the disciplinary board pursuant to LAC 22:I:359. However, at the time the board sentenced Mr. Varner, those rules had not yet been promulgated. Therefore, those rules cannot be applied to Mr. Varner ex post facto. Hunter, 98-2326 at p. 6, 738 So.2d at 1172.