NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2017 CA 1335 R

MARK WHEELER

VERSUS

LOUISIANA PEACE OFFICER STANDARDS
AND TRAINING COUNCIL

JUDGMENT RENDERED: _____ 'JUN 0 3 2020 _____

* * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number 653874 • Section 26

The Honorable Donald R. Johnson, Judge Presiding

* * * * * * *

<table>
<tr><td>Remy Voisin Starns<br>Ryan P. Reece<br>Metairie, Louisiana</td><td>ATTORNEYS FOR APPELLANT<br>DEFENDANT—Louisiana Peace<br>Officers Standards and Training<br>Council</td></tr>
<tr><td>Pamela N. Breedlove<br>Bossier City, Louisiana</td><td>ATTORNEY FOR APPELLEE<br>PLAINTIFF—Mark Wheeler</td></tr>
</table>

* * * * * * *

BEFORE: GUIDRY, MCCLENDON, AND WELCH, JJ.

**WELCH, J.**

This matter is before us on remand from the Louisiana Supreme Court. The Council on Peace Officer Standards and Training[1] ("POST Council") appealed a judgment of the district court that overruled its peremptory exception raising the objection of peremption, reversed the POST Council's decision to revoke Lieutenant Mark Wheeler's Peace Officer Standards and Training ("POST") certification, and reinstated Lt. Wheeler's POST certification. In an earlier unpublished opinion, this Court reversed that portion of the judgment of the district court overruling the objection of peremption, vacated that portion of the judgment reversing the POST council's decision and reinstating Lt. Wheeler's certification, and rendered judgment dismissing Lt. Wheeler's petition to appeal the decision of the POST Council. **Wheeler v. Louisiana Peace Officer Standards and Training Council**, 2017-1335 (La. App. 1st Cir. 3/14/19) (*unpublished*). The Louisiana Supreme Court granted Lt. Wheeler's application for writ of certiorari, finding no error in the judgment of the district court insofar as it overruled the objection of peremption, reversed this Court's determination that Lt. Wheeler's appeal was untimely, and remanded this case to us for consideration of the remaining issues presented by the POST Council's appeal. **Wheeler v. Louisiana Peace Officer Standards and Training Council**, 2019-0584 (La. 9/24/19), 279 So.3d 904. For reasons that follow, we affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL HISTORY

The POST Council falls under the jurisdiction of the Louisiana Commission on Law Enforcement and Administration of Criminal Justice ("the Commission") within the office of the governor. La. R.S. 40:2403(A). The POST Council consists of the attorney general and eleven designated members of the Commission. La. R.S.

---

[1] Although the plaintiff named the Louisiana Peace Officers Standards and Training Council as defendant herein, the proper designation is the Council on Peace Officer Standards and Training. See La. R.S. 40:2403.

40:2403(B). In Louisiana, all full-time peace officers must complete a basic training course, as prescribed and certified by the POST Council. LAC 22:III.4703.[2] In addition, all POST-certified peace officers must comply with the yearly in-service training and certification requirements set forth in LAC 22:III.4750.

Lt. Wheeler is employed by the Shreveport Police Department (SPD), and prior to the events leading up to these proceedings, was a POST-certified peace officer. On September 15, 2015, Lt. Wheeler went on sick leave because he was having surgery on his feet, and he returned to work at the SPD in March 2016. During the calendar year 2015, Lt. Wheeler failed to comply with the yearly in-service training and certification requirements set forth in LAC 22:III.4750. Therefore, on June 1, 2016, the Commission, through the POST programs manager, sent a letter to Lt. Wheeler by certified mail, return receipt requested, which stated that the POST Council had been notified of his failure to complete the in-service training and certification requirements for the calendar year 2015, that due to this deficiency, his POST certification had been "revoked under the authority of" LAC22:III.4731, and that the revocation was effective on May 12, 2016. The letter also stated that if Lt. Wheeler had any questions or desired to appeal the decision, he could contact POST at a telephone number provided therein.

On June 10, 2016, counsel for Lt. Wheeler sent a letter to the POST programs manger indicating that Lt. Wheeler desired to appeal the revocation of his POST certification on the basis that the revocation was improper because Lt. Wheeler fell within an exception to (and therefore, was not required to participate in) the yearly in-service training and certification requirements. In a July 8, 2016, e-mail, the POST law enforcement training manager acknowledged Lt. Wheeler's counsel's June 10, 2016 letter and stated that the "appeal letter of [June 10, 2016] fulfills a

---

[2] However, we note that registration may be granted in lieu of certification to peace officers who were hired prior to January 1, 1986, did not attend POST certified basic training, and are currently performing duties of a peace officer. See LAC 22:III.4705.

request to have the [POST] [C]ouncil consider its revocation decision regarding Lt. Wheeler at its next meeting." The e-mail from the POST law enforcement training manager also pointed out that "[a] peace officer whose certification has been revoked by the council may file an appeal under provisions of the Administrative Procedure Act under [La.] R.S. 49:964," citing LAC 22:III.4731.

On November 17, 2016, the POST Council, at an open meeting, considered Lt. Wheeler's request to reverse the revocation of his POST certification and to waive the training for 2015. After openly discussing the matter with Lt. Wheeler's counsel, the POST Council voted and the request was denied.

In December 2016, Lt. Wheeler timely commenced these proceedings in district court by filing a petition to appeal the POST Council's decision to revoke his POST certification. After a hearing on the exception and a review of the administrative record, the district court rendered and signed a judgment on July 24, 2017, which determined that Lt. Wheeler suffered a substantial loss due to the POST Council's revocation of his POST certification and that the POST Council's decision to revoke Lt. Wheeler's certification and its refusal to reinstate his certification were contrary to law and therefore reversed; and reinstated Lt. Wheeler's POST certification. From this judgment, the POST Council has appealed, challenging the district court's determination that the POST Council's decision was contrary to law.[3]

---

[3] In response to Lt. Wheeler's petition, the POST Council filed a peremptory exception raising the objection of peremption and a motion to dismiss on the basis that Lt. Wheeler's petition seeking judicial review of the POST Council's decision was not filed within the 30-day peremptive period provided in La. R.S. 49:964(B); therefore, his right to judicial review was extinguished by operation of law and should be dismissed. In the judgment on appeal herein, the district court also overruled the objection of peremption and denied the motion to dismiss, and the POST Council challenged that ruling on appeal. As previously set forth, this Court reversed that portion of the judgment of the district court and rendered judgment dismissing Lt. Wheeler's petition to appeal the POST council's decision to revoke his POST certification; however, the Louisiana Supreme Court reversed that ruling, finding no error in the district court's ruling on the objection of peremption. See **Wheeler v. Louisiana Peace Officer Standards and Training Council**, 2017-1335 (La. App. 1st Cir. 3/14/19) (*unpublished*), writ granted, 2019-0584 (La. 9/24/19), 279 So.3d 904

## LAW AND DISCUSSION

A reviewing court should afford considerable weight to an administrative agency's construction and interpretation of its rules and regulations adopted under a statutory scheme that the agency is entrusted to administer, and its construction and interpretation should control unless they are found to be arbitrary, capricious, or manifestly contrary to its rules and regulations. **Delahoussaye v. Board of Supervisors of Community and Technical Colleges**, 2004-0515 (La. App. 1st Cir. 3/24/05), 906 So.2d 646, 649. Herein, as previously set forth, the POST Council's letter to Lt. Wheeler stated that it had been notified that he failed to comply with the yearly in-service training requirements[4] and that due to this in-service training deficiency, his POST certification had been revoked "under the authority of [LAC 22:III.4731]."

We recognize that LAC 22:III.4731(C)(3) expressly provides that the certification of any qualified peace officer "shall be revoked if the officer ... failed to complete additional training as required/prescribed by the [Post C]ouncil." However, this provision was not added to the regulation by amendment of the rule until June 2018—two years after the POST Council had revoked Lt. Wheeler's POST certification. At the time the POST Council revoked Lt. Wheeler's certification, LAC 22:III.4731 provided:

> A. All law enforcement agencies and correctional agencies and institutions within the state of Louisiana shall immediately report the conviction of any POST certified full-time, reserve, or part-time peace officer to the council.
>
> B. Any offense which results in the individual peace officer's restriction of his/her constitutional right to bear arms shall be grounds for immediate revocation. The revocation of any certification is effective immediately when the [POST C]ouncil receives a certified copy of a court's judgment and issues notice to the peace officer. Notice of the revocation shall be sent via certified US mail to the peace officer and the officer's employing agency.

---

[4] The yearly in-service training requirements are set forth in LAC 22:III.4750.

C. All criminal convictions involving a peace officer shall be directed to the [POST C]ouncil's attention for potential revocation hearings. The [POST C]ouncil shall review each criminal conviction and conduct hearings on each reported conviction.

D. Any hearings conducted by the [POST C]ouncil shall be conducted according to guidelines established by the [POST C]ouncil.

E. Any peace officer whose certification has been revoked may file an appeal to the decision under the provisions of the Administrative Procedure Act under R.S. 49:964. [5]

In **Varner v. Day**, 2000-2104 (La. App. 1st Cir. 12/28/01), 806 So.2d 121, an inmate was disciplined under an agency rule that had not been published and adopted in accordance with the Administrative Procedure Act. See La. R.S. 49:954.[6] On

---

[5] See La. Register, Vol. 25:665 (April 1999), as amended by La. Register, Vol. 34:1927 (September 2008).

[6] Louisiana Revised Statutes 49:954 provides:

A. No rule adopted on or after January 1, 1975, is valid unless adopted in substantial compliance with this Chapter. Each rulemaking agency shall file a certified copy of its rules with the Office of the State Register. No rule, whether adopted before, on, or after January 1, 1975, shall be effective, nor may it be enforced, unless it has been properly filed with the Office of the State Register. No rule adopted on or after November 1, 1978, shall be effective, nor may it be enforced, unless prior to its adoption a report relative to the proposed rule change is submitted to the appropriate standing committee of the legislature or to the presiding officers of the respective houses as provided in R.S. 49:968. No rule adopted on or after September 12, 1980, shall be effective, nor may it be enforced, unless the approved economic and fiscal impact statements, as provided in R.S. 49:953(A), have been filed with the Office of the State Register and published in the Louisiana Register. The inadvertent failure to mail notice and statements to persons making request for such mail notice, as provided in R.S. 49:953, shall not invalidate any rule adopted hereunder. A proceeding under R.S. 49:963 to contest any rule on the grounds of noncompliance with the procedures for adoption, as given in this Chapter, must be commenced within two years from the date upon which the rule became effective.

B. Each rule hereafter adopted shall be effective upon its publication in the Louisiana Register, said publication to be subsequent to the act of adoption, except that:

(1) If a later date is required by statute or specified in the rule, the later day is the effective date.

(2) Subject to applicable constitutional or statutory provisions, an emergency rule shall become effective on the date of its adoption, or on a date specified by the agency to be not more than sixty days future from the date of its adoption, provided written notice is given within five days of the date of adoption to the governor of Louisiana, the attorney general of Louisiana, the speaker of the House of Representatives, the president of the Senate, and the Office of the State Register as provided in R.S. 49:953(B). Such emergency rule shall not remain in effect beyond the publication date of the Louisiana Register published in the month following the month in which the emergency rule is adopted, unless such rule and the reasons for

appeal, this Court observed that fact and held that in reviewing the correctness of the agency's disciplinary action, a court must apply the properly promulgated and adopted rules and regulations that were in effect at the time of the disciplinary action. See **Varner**, 806 So.2d at 125. This Court then applied the corresponding regulation[7] that had been properly promulgated and adopted in accordance with the APA in reviewing the agency's decision.

In the instant case, as the above-quoted version of LAC 22:III.4731 was properly promulgated, adopted, and was the only regulation in existence at the time of Lt. Wheeler's disciplinary action, then that version of the regulation is the only one that could be properly applied. Hence, at the time the POST Council revoked Lt. Wheeler's POST certification, there was no authority provided in LAC 22:III.4731, nor in any other regulation or statute,[8] that allowed the POST Council to revoke a peace officer's POST certification for noncompliance with training.[9]

---

adoption thereof are published in that issue; however, any emergency rule so published shall not be effective for a period longer than one hundred twenty days, but the adoption of an identical rule under R.S. 49:953(A)(1), (2), and (3) is not precluded. The agency shall take appropriate measures to make emergency rules known to the persons who may be affected by them.

[7] The agency rule at issue had a corresponding regulation designated in the Louisiana Administrative Code. **Varner**, 806 So.2d at 125.

[8] We note that La. R.S. 40:2405(J) currently provides that a peace officer's POST certification can be revoked for a variety of reasons, including the failure to complete additional training as required and prescribed by the POST Council. See La. R.S. 40:2405(J)(2)(c). However, this provision was enacted by 2017 La. Acts, No. 271, §1, eff. June 16, 2017. As such, it was not in effect at the time the POST Council revoked Lt. Wheeler's POST certification and is inapplicable herein.

[9] Although the POST Council argues that it was authorized to revoke Lt. Wheeler's POST certification based on the plenary power granted to it by the legislature under La. R.S. 40:2404(2) and (7), we find no merit to this argument. Louisiana Revised Statutes 40:2404 provides, in pertinent part:

In addition to any other powers conferred upon the council elsewhere herein or by other law, the council shall have the following powers:

* * *

(2) To develop minimum curriculum requirements for the training of peace officers.

* * *

(7) To adopt, amend, or repeal rules and regulations to interpret and implement the provisions of this Act, including, not exclusively, the powers of the council enumerated herein.

Rather, at the time, LAC 22:III.4731 only provided for revocation due to criminal prosecutions, and as such, is inapplicable here.

Therefore, we find that at the applicable time herein, there was no regulatory or statutory authority that allowed the POST Council to revoke Lt. Wheeler's certification for non-compliance with the yearly in-service training requirements. As such, the POST Council's revocation of Lt. Wheeler's certification was contrary to the law at the time.[10] Thus, we find no error in the conclusions of the district court nor in the judgment appealed.

## CONCLUSION

For all of the above and foregoing reasons, the July 24, 2017 judgment of the district court is affirmed. All costs of this appeal in the amount of $1,666.00 are assessed to the defendant/appellant, the Council on Peace Officer Standards and Training.

**AFFFIRMED.**

---

While the POST Council has been granted plenary power to interpret and implement the POST act, this power is exercised through the adoption, amendment, or repeal of rules and regulations. As determined herein, at the time the POST Council revoked Lt. Wheeler's POST certification, there was no rule or regulation that had been adopted or amended that allowed the POST Council to revoke a peace officer's POST certification for noncompliance with its training requirements. Such a provision was not adopted until two years after Lt. Wheeler's POST certification was revoked.

[10] In its brief, the POST Council asserts that because Lt. Wheeler did not raise this argument in the court below, Uniform Rules—Courts of Appeal, Rule 1-3 bars this Court from considering the fact that LAC 22:III.4731 did not provide the failure to timely complete in-service training as a ground for revocation in 2016. However, Uniform Rules—Courts of Appeal, Rule 1-3 provides that an appellate court "will review only those issues which were submitted to the trial court and which are contained in specification or assignments of error, *unless the interest of justice clearly requires otherwise.*" (Emphasis added.) Furthermore, La. C.C.P. art. 2164 gives an appellate court the authority to "render any judgment which is just, legal, and proper upon the record on appeal." Considering that Lt. Wheeler has consistently challenged the POST Council's actions as being contrary to the law, and further considering the fact that both parties have briefed this particular argument on appeal, we find the argument proper for our consideration. See **Thompson v. Winn-Dixie Montgomery, Inc.**, 2015-0477 (La. 10/14/15), 181 So.3d 656, 665; **Merrill v. Greyhound Lines, Inc.**, 2010-2827 (La. 4/29/11), 60 So.3d 600, 602.