STOULIG, Judge.
This appeal places at issue only the procedural aspects of the case in the trial court. It does not concern itself with the merits of the administrative findings on Dr. Evers’ right to practice medicine.
Plaintiff, Dr. Charles Ray Evers, was enjoined by a judgment of the Civil District Court for the Parish of Orleans from practicing medicine in this State pending his appeal from a decision of the Louisiana State Board of Medical Examiners (Board) rejecting his application for a license to practice. After the trial court had ordered the hearing reopened for the adducing of additional evidence by appellant, the Board instituted a reconventional demand for a temporary restraining order and injunctive relief against Dr. Evers in the same proceeding which he initially instituted in the district court. Exceptions to the jurisdiction and lack of venue of the court and of the Board’s improper cumulation of action were leveled against the re-conventional demand. In due course judgment was rendered overruling these exceptions and issuing a preliminary injunction against Dr. Evers. This appeal resulted.
We reverse. On December 2, 1974, Dr. Evers filed a petition in the Civil District Court for the Parish of Orleans seeking a review of the Board’s administrative decision to deny his application for a license. In connection with his appeal he requested that the enforcement of the Board’s decision be' stayed and a preliminary injunction •issue to prevent it from interfering with his right to continue to practice under his temporary license pending a final review of the Board’s decision.
Under LSA-R.S. 49:964(A) of the administrative procedure statute a person aggrieved by a decision of the Board [1] is entitled to a judicial review. Section B provides the appeal must be lodged in the district court of the parish where the agency is located.[2] Section C grants the district court judge discretion to stay execution of the agency’s decision if he deems it proper.
At all times the district court functions as an appellant tribunal with the additional power to stay execution of the agency’s decision. The right of appeal is unilateral because obviously the Board would never be in a position to challenge by appeal its own administrative decision. In filing the appeal Dr. Evers did not waive his right to object to the lack of venue should the Board seek, by direct action, to enjoin him from practicing during the pendency of his appeal.
A reconventional demand presupposes the defendant-reconvenor was cited to answer a complaint in a court of original jurisdiction, and in response, filed a cross claim. Because the Civil District Court only has appellate jurisdiction of this matter and the Board has no standing to request any form of relief under LSA-R.S. 49:964, it may not proceed by recon-ventional demand. A reconventional demand will only lie in an original action and cannot be filed in an appellate proceeding before a district court any more than it can be filed in this court. ,
This is not to suggest the Board may not seek an injunction. In fact it is *39 specifically authorized to do so in similar circumstances under LSA-R.S. 37:1286; however it must comply with the procedural requisites of LSA-C.C.P. art. 3601 (proceed by petition) and LSA-C.C.P. art. 42(1) (filed at the domicile of the defendant) in the absence of a statutory provision authorizing a different procedure. Dr. Evers has his domicile and practices medicine in Plaquemines Parish and any action seeking to enjoin this activity must be instituted in the district court of that parish.
For the reasons assigned the judgment appealed from is annulled and appellant’s exception to the jurisdiction, lack of venue, and improper cumulation of actions is maintained. This matter is remanded for further proceedings consistent with the views expressed herein, costs to await the final disposition of the case.

Annulled and remanded.

. The Louisiana State Board of Medical Examiners falls within the definition of an “agency” as defined in § 951 (2).

. The Medical Board is .located in the City of New Orleans (LSA-R.S. 37:1265) and the appeal falls within the jurisdiction of the Civil District Court for the Parish of Orleans.