392 So.2d 103 (1980)
Quenton BROWN
v.
C. Paul PHELPS, Secretary of Corrections and Frank Blackburn, Warden, Louisiana State Penitentiary.
No. 13805.
Court of Appeal of Louisiana, First Circuit.
September 19, 1980.
*104 J. Marvin Montgomery, Asst. Atty. Gen., and Mary Catherine Cali, Staff Atty., Baton Rouge, for appellant.
Quenton N. Brown, in pro. per.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
We granted a writ herein to review the propriety of a ruling by the trial judge, overruling an exception to the jurisdiction or venue of his court.
Relator, Quenton N. Brown, filed this proceeding, styled a "Petition for Writ of Habeas Corpus Ad Testificandum," seeking review of an administrative adjudication as a result of which certain sanctions were imposed. Since the proper procedure for judicial review of an administrative adjudication is begun by filing a petition for review in the appropriate district court, R.S. 49:964, the trial judge properly treated the petition filed as such an application, despite the title placed thereon by Mr. Brown. State ex rel. Armistead v. Phelps, 365 So.2d 468 (La.1978).
R.S. 49:964(B) provides as follows:
"Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record."
The record indicates that the petition was mailed to the district judge on November 22, 1979. No filing stamp appears thereon, or on the supporting documents and there is no evidence of service of citation on the defendants. Under date of February 8, 1980, a writ of habeas corpus was issued to and served on defendant, Frank Blackburn, Warden of the Louisiana State Penitentiary.
Defendants appeared in court through counsel on the date finally fixed for hearing, and orally urged a number of "objections" to the proceeding, but our examination of the record indicates that no formal pleadings or exceptions of any kind were filed.
There is nothing in the record to explain the long delay between the mailing of Mr. Brown's pleadings and the issuance of the order. We can only assume, since these documents are in the record, that they were timely received by the court, and inadvertently overlooked thereafter.
Defendants waived citation when they consented to a continuance on March 3, 1980, thus making a general appearance in the case. Stanley v. Jones, 197 La. 627, 2 So.2d 45 (1941). No objection has been raised by Mr. Brown to the failure of defendants to file their exceptions in proper written form. All of these exceptions were made orally, and were considered and ruled on by the trial court. We therefore find that the gross deficiencies in procedure and form in this record have been waived by all parties.
Turning now to the merits of the major question presented, we note that R.S. 49:964(B), supra, requires that a petition for review of an administrative adjudication must be filed "in the district court of the parish in which the agency is located ..." R.S. 49:951(2) defines agency as follows:
"`Agency means each state board, commission, department, agency, officer, or other entity which makes rules, regulations, *105 or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof, any political subdivision, as defined in Article VI, Section 44 of the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof, and the courts."
R.S. 15:821.1 provides that "The domicile of the department of corrections and its divisions shall be the Parish of East Baton Rouge, city of Baton Rouge, Louisiana."
We find that the location of an agency, under the foregoing statute, is its domicile, and that this proceeding should have been filed in the District Court of East Baton Rouge Parish. See Evers v. Louisiana State Bd. of Medical Examiners, 336 So.2d 36 (La.App. 4th Cir. 1976). The argument of the plaintiff that such an application may be made in any parish in which an office of the agency is situated is without merit. We think the legislative intent is clearly to the contrary.
The judgment of the trial court is therefore reversed, insofar as it overrules the exception to the jurisdiction or venue of the trial court and the exception is hereby maintained. The case is remanded to the trial court, with instructions to transfer the record to the Nineteenth Judicial District Court for East Baton Rouge Parish, pursuant to the provisions of Article 932 of the Code of Civil Procedure, for further proceedings according to law. Costs of this appeal shall be paid by Quenton N. Brown. All other costs shall await the final disposition hereof on its merits.
REVERSED AND REMANDED, WITH INSTRUCTIONS.