FOIL, Judge.
At issue in this case is whether the venue provision found in the Louisiana Administrative Procedure Act, La.R.S. 49:964(B), is mandatory. We hold that an action seeking relief authorized under the Administrative Procedure Act must be brought in the district court of the parish in which the administrative agency is located and reverse the action of the trial court in maintaining this suit under the theory of forum non conveniens.
PROCEDURAL BACKGROUND
Appellee, Dr. William Allen, is a dentist who practices his profession in East Baton Rouge Parish. In. 1985, the Louisiana State Board of Dentistry (Board) filed formal charges of misconduct against Dr. Allen. A hearing was held before the Board in East Baton Rouge Parish, beginning on February 21, 1986.
The Board, by state statute, is domiciled in the City of New Orleans. La.R.S. 37:753(E). Dr. Allen brought several petitions challenging various Board actions both before and after the administrative hearings were completed in the Civil District Court for the Parish of Orleans. Ultimately, the Board found Dr. Allen guilty of numerous counts of misconduct, suspended his license to practice dentistry, levied fines against him and taxed all costs of the administrative proceedings to him. In March of 1986, Dr. Allen filed a petition for review of the Board’s order in the Civil District Court for the Parish of Orleans and amended his petition to state a claim for litigation expenses pursuant to La.R.S. 49:965.1 of the Administrative Procedure Act, which authorizes a business seeking various types of relief allowed under that Act to include a claim for litigation expenses. The district court reversed some of the findings of misconduct, affirmed others and reduced the fine. Dr. Allen then appealed to the Fourth Circuit Court of Appeal, which partially reversed the district court’s judgment and reduced the fine. Allen v. Louisiana State Board of Dentistry, 531 So.2d 787 (La.App. 1st Cir.1988), rev’d, 543 So.2d 908 (La.1989). Dr. Allen successfully appealed the case to the Louisiana Supreme Court, which reversed the order and remanded the case for a new hearing to be conducted before a newly constituted Board whose members had no involvement in the case. Allen v. Louisiana State Board of Dentistry, 543 So.2d 908, 917 (La.1989).
Thereafter, Dr. Allen filed this action in the 19th Judicial District Court for the Parish of East Baton Rouge, seeking to recover the costs of the administrative proceedings pursuant to La.R.S. 49:965.1. In his petition, Dr. Allen alleged facts to bring him within the purview of this provision and also claimed that its $7,500.00 limitation on recoverable costs was unconstitutional on due process and equal protection grounds. The Board filed exceptions asserting prematurity, improper venue and res judicata, all of which were overruled by the trial court. On the issue of venue, the trial court specifically found that the case should be heard in East Baton Rouge Parish for the convenience of the parties, the witnesses and in the interest of justice. The Board took this appeal, contending that Dr. Allen may only bring an action to recover litigation expenses only in Orleans Parish, the parish in which the Board is domiciled.[1]
*322 VENUE UNDER THE ADMINISTRATIVE PROCEDURE ACT
La.R.S. 49:964 sets forth the procedural requirements that a person aggrieved by an agency action must follow in order to obtain judicial review of that action. La. R.S. 49:964(B) provides:
§ 964. Judicial review of adjudication
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.
La.R.S. 49:965.1, authorizing a “small business” to recover litigation expenses, provides, in pertinent part, as follows:
§ 965.1. Expenses of administrative proceedings; right to recover
A. When a small business files a petition seeking: (1) relief from the application or enforcement of an agency rule or regulation, (2) judicial review of the validity or applicability of an agency rule, (3) judicial review of an adverse declaratory order or ruling, or (4) judicial review of a final decision or order in an adjudication proceeding, the petition may include a claim against the agency for the recovery of reasonable litigation expenses. If the small business prevails and the court determines that the agency acted without substantial justification, the court may award such expenses, in addition to granting any other appropriate relief.
Dr. Allen contends that venue under La. 49:964(B) is permissive as evidenced by the use of the word “may” in that provision as well as the legislative history behind the Administrative Procedure Act. He then argues that East Baton Rouge is a parish of proper venue under two alternative venue provisions: La.R.S. 13:5104 and La.Code Civ.P. art. 74. La.R.S. 13:5101 and La.R.S. 13:5104 provide that a suit against a state agency “in contract or for injury to the person or property” may be brought in the judicial district in which the state capítol is located. Dr. Allen insists that his claim for litigation expenses under La.R.S. 49:965.1 is “part and parcel of the Board’s constitutional injury to [his] person or property” within the meaning of La.R.S. 13:5101. He also claims that La.Code Civ.P. art. 74 authorizes suit in East Baton Rouge Parish because the denial of his constitutional rights by the Board constitutes an “offense” for which damages, including litigation expenses under La.R.S. 49:965.1, are allowed.
The Board argues that venue is mandatory under La.R.S. 49:964(B); thus, a suit seeking relief authorized under the Administrative Procedure Act must be brought in the district court of the parish in which the agency is located. This court previously held in Brown v. Phelps, 392 So.2d 103 (La.App. 1st Cir.1980), that the venue provision in La.R.S. 49:964(B) is mandatory and, therefore, an action seeking judicial review of an agency decision must be brought in the parish in which the agency is located. This court further determined that the parish in which an agency is located is the parish of its domicile. Id. at 105. Because a state statute provided that the agency in that case was domiciled in East Baton Rouge Parish, this court held that the petition for judicial review of the agency’s action had to be filed in East Baton Rouge Parish. Additionally, in Evers v. Louisiana State Board of Medical Examiners, 336 So.2d 36 (La.App. 4th Cir.1976), the court read La.R.S. 49:964(B) to provide mandatory venue.
We decline Dr. Allen’s invitation to overrule Brown v. Phelps and adhere to its principle that an action seeking judicial review of an administrative decision brought under the authority of the Administrative Procedure Act must be brought in the district court of the parish in which the agency is located. Dr. Allen seeks recovery of litigation expenses incurred in an agency *323 adjudication against him; that claim is ancillary to a petition for review of the administrative agency’s action under La.R.S. 49:964. Accordingly, because his claim for litigation expenses is brought under the authority of the Administrative Procedure Act, we hold that it must be filed in the district court of the parish in which the agency is located. Because the Board is statutorily domiciled in Orleans Parish, this suit may only be brought in the Civil District Court for the Parish of Orleans.[2]
CONCLUSION
Based on the foregoing, we conclude that the trial court erred in overruling the exception of improper venue and we reverse its ruling. We believe that this case should be transferred to the Civil District Court for the Parish of Orleans. We therefore remand this case to the trial court and order it to transfer the case to that court. All costs of this appeal are assessed to appellee, Dr. William Allen. The Board requests that sanctions be imposed against Dr. Allen for filing this action in the East Baton Rouge Parish District Court. We do not feel sanctions are appropriate and decline to impose them.
REVERSED AND REMANDED WITH ORDER

. At some point in time, Dr. Allen brought an action under 42 U.S.C. § 1983 against the Board and its agents and employees, seeking four million dollars for alleged violations of his constitutional rights. Additionally, after filing the present action in East Baton Rouge Parish, Dr. *322 Allen filed a petition for review in the Orleans Parish district court, seeking review of prehear-ing orders of the Board, alleging that the newly constituted Board violated the Supreme Court’s mandate concerning the composition of the new hearing body.

. Because of our resolution of the venue issue, we need not determine whether an independent cause of action for litigation expenses exists under La.R.S. 49:965.1, where the claimant has failed to couple that claim with a petition seeking one of the four types of relief listed in that provision.