770 So.2d 382 (2000)
Damien G. VICTORIAN
v.
Richard L. STALDER, Secretary, Louisiana Department of Corrections, et al.
No. 99 CA 2260.
Court of Appeal of Louisiana, First Circuit.
July 14, 2000.
Damien G. Victorian, DeQuincy, Pro Se PlaintiffAppellant.
William L. Kline, Baton Rouge, for Defendant Appellee Richard Stalder and Priscilla Pitre.
Before: SHORTESS, C.J., CARTER, FOIL, GONZALES, WHIPPLE, FOGG, PARRO, FITZSIMMONS, KUHN, GUIDRY, WEIMER, PETTIGREW, and CLAIBORNE,[1] JJ.
FOGG, J.
By this appeal, an inmate challenges a district court judgment dismissing with prejudice his suit for judicial review of an adverse decision of the Department of Public Safety and Corrections (DPSC) on a disciplinary report. For the following reasons, we affirm.

*383 FACTS AND PROCEDURAL HISTORY
In 1991, Damien G. Victorian was convicted of distribution of cocaine and remanded to the custody of the DPSC.[2] On September 15, 1995, he was released on parole. He subsequently absconded parole supervision, and a warrant for his arrest was issued. On October 29, 1996, Victorian was apprehended and transported to the Jennings City Jail. On November 6, 1996, he formally waived his right to a final revocation hearing and pleaded guilty to violating the conditions of parole. His parole then was revoked, effective October 29, 1996. On May 5, 1997, while awaiting transfer to a DPSC facility, Victorian escaped from the Jennings City Jail.[3] He was apprehended the following day and transferred to Phelps Correctional Center, where he presently is incarcerated, on June 16, 1997.
On June 19, 1997, a disciplinary report was written against Victorian, alleging he violated a disciplinary rule prohibiting escape when he escaped from the Jennings City Jail. At the disciplinary hearing, Victorian pleaded guilty. The Disciplinary Board sentenced him to a custody change from medium to maximum security/working cellblock and loss of thirty days good time and also referred him to "Special Court." The special court later modified Victorian's original sentence to "loss of all [good time] earned prior to the escape" pursuant to LSA-R.S. 15:571.4 B(1); this included good time earned by him prior to release on parole in 1995.
Victorian filed a request for administrative remedy, which was denied by the DPSC. Then, on July 22, 1998, he brought this suit, seeking judicial review by the Nineteenth Judicial District Court.[4] The district court subsequently entered judgment adopting the recommendation of the commissioner and dismissing Victorian's suit with prejudice. He now appeals.

STANDARD OF REVIEW
In considering the issues raised herein, we discovered a conflict in the law of this circuit with respect to the application of the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171 et seq., to prison disciplinary actions. The conflict is reflected in the following jurisprudence.
In the case of Giles v. Cain, 98-0212 (La.App. 1 Cir. 4/19/99), 734 So.2d 109, a prisoner was sentenced to a custody change to extended lockdown after being found guilty of constituting a threat to security. In reviewing the case, we applied the CARP stating, "LSA-R.S. 15:1171-1177 provide the statutory authority for the administrative review procedure established and followed by the penal institution.... This procedure is designed to receive, hear, and dispose of `any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof ...' and includes appeals of disciplinary actions." Giles, 98-0212, p. 6, 734 So.2d at 113; see also Rochon v. Whitley, 96-0835, pp. 5-6 (La. App. 1 Cir. 2/14/97), 691 So.2d 189, 192.
Subsequently, on June 25, 1999, we rendered three opinions that dealt with the issue of whether or not the CARP applies to appeals of disciplinary actions. In Johnson v. Department of Corrections, 97-1891 (La.App. 1 Cir. 6/25/99), 738 So.2d *384 1165, a prisoner appealed a disciplinary action which consisted of the loss of telephone and canteen privileges. Therein, we determined that LSA-R.S. 49:964 of the Administrative Procedures Act (APA), applies to appeals of disciplinary actions stating, "La. R.S. 15:1171(B) specifically states that `the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989,' is included as part of the exclusive procedures of the CARP. Therefore, agency and judicial review of disciplinary matters was not changed by the enactment of the CARP and is still performed in accordance with the APA...." Johnson, 97-1891, p. 4, 738 So.2d at 1167. In Hunter v. Stalder, 98-2326 (La. App. 1 Cir 6/25/99), 738 So.2d 1169, a case in which the disciplinary action consisted of the revocation of accrued good time, we again held that the APA, rather than the CARP, provides the proper path of judicial review for prison disciplinary matters. However, in Washington v. Louisiana State Penitentiary, 98-1310 (La.App. 1 Cir. 6/25/99), 740 So.2d 761, a case in which a prisoner was found guilty of defiance and aggravated disobedience and sentenced to a loss of four weeks of telephone privileges and thirty days of good time, we stated that LSA-R.S. 15:1171-1177 provide the statutory authority for the administrative review procedure designed to hear all complaints and grievances by prisoners, including appeals of disciplinary actions.
Considering this conflict, we overrule Johnson and Hunter because the holdings in those cases are contrary to the express language of LSA-R.S. 15:1171(B), which provides, in its entirety, as follows:
The department or sheriff may also adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof, the contractor operating a private prison facility or any of its employees, shareholders, directors, officers, or agents, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department, a contractor operating a private prison facility, or a sheriff. Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. All such procedures, including the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989, shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows.

(Emphasis added). The current version of the Disciplinary Rules for Adult Prisoners was adopted by the DPSC, effective February 15, 1993, and published in the Louisiana Register, Vol. 19, No. 5, pp. 648-659. See Rivera v. State, 98-0507 (La.App. 1 Cir. 12/28/98), 727 So.2d 609, writ denied, 99-0289 (La.3/26/99), 740 So.2d 617. Therefore, the above statutory language clearly places appeals of such disciplinary actions under the provisions of the CARP. The conclusion in the Johnson and Hunter cases that judicial review of disciplinary matters is still performed in accordance with the APA is erroneous.
Inmates aggrieved by a decision rendered by the DPSC may seek judicial review pursuant to LSA-R.S. 15:1177. The standard of review is set forth in LSA-R.S. 15:1177 A, as amended by Acts 1997, *385 No. 1216, § 1, effective July 15, 1997, as follows:
(9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

ANALYSIS
The statutory authority for forfeiture of diminution of sentence, or loss of good time, is found in LSA-R.S. 15:571.4 which provides, in pertinent part:
B. (1) An inmate who is sentenced to the custody of the Department of Public Safety and Corrections and who commits a simple or aggravated escape from any correctional facility or from the lawful custody of any law enforcement officer or officer of the department may forfeit all good time earned on that portion of his sentence served prior to his escape.

(Emphasis added). In the instant case, Victorian complains that the special court's sentence of loss of all good time earned prior to the escape, which included good time earned prior to his release on parole in 1995, was erroneous. He contends that the underscored language above only authorizes forfeiture of good time earned by him from October 29, 1996, the date of his parole revocation, through May 5, 1997, the date of his escape. After careful consideration, we disagree.
When an inmate commits simple or aggravated escape, LSA-R.S. 15:571.4 B(1) provides for forfeiture of "all good time earned on that portion of his sentence served prior to his escape." This loss is not limited to good time earned following a revocation of parole, as Victorian suggests. Rather, it includes all good time earned on a sentence served prior to escape. Therefore, the special court correctly sentenced Victorian to loss of all good time earned prior to the escape under LSA-R.S. 15:571.4 B(1).
Victorian also complains that the special court's sentence constituted imposition of a third penalty, in violation of the Disciplinary Rules for Adult Prisoners, which permit the imposition of only one or two listed penalties for escape, defined as a Schedule B violation. Nevertheless, we find that the special court's sentence of loss of all good time earned prior to escape rendered moot the earlier sentence of loss of thirty days good time. Therefore, the sentence of the special court did not constitute a third penalty.

DECREE
For the foregoing reasons, we expressly overrule the cases of Johnson and Hunter to the extent they conflict with the above analysis. Furthermore, we conclude that the DPSC's decision to deny Victorian administrative relief was neither manifestly erroneous nor arbitrary and capricious. Therefore, the judgment of the district court is affirmed, at appellant's cost.
AFFIRMED.
PARRO and WEIMER, JJ., concur.
PETTIGREW and FITZSIMMONS, JJ., concur in the result only.
*386 GONZALES, J., concurs and assigns additional reasons.
KUHN, J., concurs for the reasons assigned by GONZALES, J.
GONZALES, J., Concurring.
I concur with the majority opinion because the standard of review applicable to this prisoner suit is the same whether conducted pursuant to the Louisiana Administrative Procedure Act (APA) or under the Corrections Administrative Remedy Procedure Act (CARP). I further agree that the result is correct on the merits, because Victorian failed to show a loss of good time in excess of that provided by the applicable rule.

STANDARD OF REVIEW
Regarding judicial review of prisoner suits, the APA (La. R.S. 49:950 et seq.) and CARP (La. R.S. 15:1171 et seq.) have always worked together. CARP provides that the administrative remedy procedures adopted pursuant to its terms, including the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989, "shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows." La. R.S. 15:1171(B). This "exclusive remedy" provided by CARP was enacted to force prisoners to file their grievances within an administrative process before resorting to the courts for relief. However, the use of the phrase "exclusive remedy" was not intended to preclude the applicability of the APA to prisoner claims; to the contrary, this "exclusive remedy" provided by CARP included judicial review under the terms of the APA, because former La. R.S. 15:1177(A) provided that the judicial review of CARP claims would be conducted "in the manner provided by R.S. 49:964 [the APA]." Although La. R.S. 15:1177(A) has been amended to delete the reference to La. R.S. 49:964, the following discussion will demonstrate that the judicial review available to Victorian is the same under the APA or under CARP.
The "exclusive remedy" language in these Title 15 statutes means CARP's administrative procedures, rather than the more general APA procedures, are used at the administrative level. As to the procedure for judicial review, CARP has its own statute, as do many other agencies, which statute takes precedence over the more general APA. That does not mean that the rest of the APA cannot apply to procedural rules for CARP cases. If we remove the APA as the procedural authority, there only remains the even more general Code of Civil Procedure. Louisiana Revised Statute 15:1177 is clearly a statute by which the legislature provides for appellate review in the district court. Nothing in the statutes of the agency or in the Code of Civil Procedure provides for review by appeal in the appropriate court of appeal. However, Section 965 of the APA does provide for a second appeal of right to the appropriate court of appeal. Without relying on this section, the petitioner's only avenue of second appellate review would be by discretionary writs. The majority does not address this issue. It is noted only with the statement "He appeals". The Code of Civil Procedure provides, in part, "An appeal may be taken from a final judgment rendered in causes in which appeals are given by law...." La. C.C.P. art. 2083(A). Louisiana Revised Statute 15:1177(A) provides authority for an appeal to the district court; only the APA gives, by law, review by appeal to the appropriate court of appeal.
Until amended in 1997, La. R.S. 15:1177 provided that judicial review of CARP claims was to be conducted pursuant to the APA. Former Louisiana Revised Statute 15:1177(A) read, in part:
Any offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections rendered pursuant to any administrative remedy procedures ... may, within thirty days after receipt of the decision, seek judicial *387 review of the decision ... in the Nineteenth Judicial District Court ... in the manner provided by R.S. 49:964 [the APA].
Louisiana Revised Statute 49:964 is the judicial review section of the APA. Until amended in 1997, La. R.S. 49:964(G) read:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
Louisiana Revised Statute 15:1177 was amended by 1997 La. Acts No. 1216 and became effective August 15, 1997. This amendment deleted from La. R.S. 15:1177(A) the words "in the manner provided by R.S. 49:964" and replaced those words with some of the text of La. R.S. 49:964(G). In this same act, the legislature excluded the applicability of the judicial review provisions of the APA to actions filed under CARP, by amending La. R.S. 49:964(A) to provide that, "[e]xcept as provided in [La. R.S.] 15:1171 through 15:1177, a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter [the APA]...." (Emphasis added.)[1]
This was probably unnecessary in view of the jurisprudence discussed below. However, regarding the standard of review in prisoner cases, La. R.S. 15:1177(A) now reads, in part:
(8) The court may affirm the decision of the agency or remand the case for further proceedings, or order that additional evidence be taken.
(9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because *388 the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
A simple comparison of the language in former La. R.S. 49:964 (to which former La. R.S. 15:1177 referred) with the new language inserted into La. R.S. 15:1177 shows that they are nearly identical as to the standard of review.[2] The time period for filing a petition for review under both statutes is likewise identical, i.e., thirty days. La. R.S. 49:964(B); La. R.S. 15:1177(A)(1). The reviewing court under both statutes, when the Department of Public Safety and Corrections is a defendant, is also the same, namely the Nineteenth Judicial District Court. La. R.S. 49:964(B); La. R.S. 15:1177(A). If there is a distinction between the standard of review of prisoner suits under CARP, as opposed to review under the APA, it is one with almost no difference.[3]
There are other similarities between the two judicial review statutes. Both have standing requirements (CARP"Any offender... aggrieved by an adverse decision"; APA"...a person... aggrieved by a final decision or order"); both limit review to the record; both provide for authority by the reviewing court to stay enforcement of the agency decision; both provide for a remand for additional evidence; and both provide for the taking of evidence in cases of alleged irregularities in procedure before the agency.
The most serious issue, and one not discussed in the majority opinion, is the effect of the deletion of the reference to La. R.S. 49:964 in the new La. R.S. 15:1177 on the definition of terms. Is the deletion of the reference to La. R.S. 49:964 intended to also preclude the applicability of other sections of the APA, particularly La. R.S. 49:951, to actions filed under CARP, and thus broaden the scope of review of prisoner cases?
*389 In determining the applicability of laws, the more specific governs over the more general. In the Interest of A.C., 93-1125 (La.1/27/94), 643 So.2d 719, 730, cert. denied, 515 U.S. 1128, 115 S.Ct. 2291, 132 L.Ed.2d 292 (1995). With regard to administrative agencies, the more specific laws are those which govern the agency. These specific laws govern over the more general laws of the APA or of the Louisiana Code of Civil Procedure. See Corbello v. Sutton, 446 So.2d 301, 303 (La.1984); State, Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 95-2355 (La.App. 1 Cir. 8/21/96), 694 So.2d 316, 321. Where agency laws are silent, however, it is the function of the APA to fill in the gaps and to provide rules of procedure. Liberty Mutual Insurance Company v. Louisiana Insurance Rating Commission, 96-0793 (La.App. 1 Cir. 2/14/97), 696 So.2d 1021, 1027, writ denied, 97-2069 (La.12/19/97), 706 So.2d 451.
In this case, there is no question that La. R.S. 15:1177 is controlling on the standard of review. See La. R.S. 15:1177(D). However, since there is no conflict between La. R.S. 15:1177 and La. R.S. 49:964 as far as definitions are concerned, it is arguable that the definitional section of the APA is still applicable to "fill in the gaps" in actions filed under CARP. The definitional section of the APA, La. R.S. 49:951, has always played a major role in the judicial interpretations of the APA. The jurisprudence shows that the very precise and limiting definitions of La. R.S. 49:951 have greatly affected the scope of review under the APA.
Under the APA, appellate review has historically been limited to a "final decision or order in an adjudication proceeding." The first case which demonstrates the limiting nature of the definition of the words "decision or order" was First National Bank of Abbeville v. Sehrt, 246 So.2d 382 (La.App. 1 Cir.), writ refused, 258 La. 909, 248 So.2d 334 (1971) (so far as the scope of the APA's applicability). In that case, this court determined that the definitions governing the opportunity for a hearing after reasonable notice make the APA applicable only when a hearing is presently provided by law or if a constitutional right is at issue. First National Bank of Abbeville, 246 So.2d at 384. This court held that an existing bank had no constitutional right to prevent another bank from being certified by the State Banking Commission.[4] Later, in Delta Bank & Trust Company v. Lassiter, 383 So.2d 330, 333 (La. 1980), the Louisiana Supreme Court explained the import of the words "decision or order" as follows:
[T]he Administrative Procedures Act provides for a hearing only in an adjudication. An adjudication is a proceeding resulting in an order or decision. A decision or order is, for purposes of the act, a disposition required by constitution or statute to be made only after notice and a hearing. Therefore, unless there is some provision in the constitution or statutes requiring a hearing, an agency disposition is not a "decision" or "order" as defined for purposes of the act. And unless a proceeding results in a decision or order, it is not an adjudication as defined in the act. It is apparent, then, that an adjudication for purposes of the act means an agency proceeding that results in a disposition that is required to be made (by constitution or statute) after notice is given and a hearing is held. Unless some statute or the constitution requires a hearing and notice, an agency action is not an adjudication for purposes of the act. Since the act provides for hearings only if there is an adjudication, it follows that unless a hearing is required by some statute or the constitution, the provision of the act as to hearings does not apply.
*390 This analysis of the words "decision or order" has been repeatedly followed by this court in numerous cases. See Government Computer Sales, Inc. v. State, Division of Administration, 98-0224 (La.App. 1 Cir. 9/25/98), 720 So.2d 53 (an unsuccessful bidder on a state contract is not entitled to a hearing before the Division of Administrative Law to consider the bidder's protest of the award of the state contract to the lowest bidder); Jones v. Southern University and A & M College System, Board of Supervisors, 96-1430 (La.App. 1 Cir. 5/9/97), 693 So.2d 1265 (a university's failure to comply with its own procedures in evaluating a tenure application, its failure to hold a hearing before making a decision on a professor's tenure application, and its failure to provide a means of appeal from a denial of tenure do not constitute a "decision or order" within the meaning of the APA); Parochial Employees' Retirement System of Louisiana v. Caddo Parish Commission, Etc., 95-0243 (La.App. 1 Cir. 3/15/96), 676 So.2d 105, writ denied, 96-0955 (La.5/31/96), 673 So.2d 1031 (an agency's decision to file a declaratory judgment action to have an ordinance declared in contravention of the constitution and state statutes is not a "decision or order" within the meaning of the APA); Boeing Company v. La. Department of Economic Development, 94-0971 (La.App. 1 Cir. 6/23/95), 657 So.2d 652 (the denial of an application for exemption from the payment of ad valorem taxes is not an adjudication); Matter of Carline Tank Services, Inc., 626 So.2d 358, rehearing denied, 627 So.2d 669 (La.App. 1 Cir. 1993) (a third party which opposed DEQ's grant on an air emission permit for a barge cleaning operation did not have the right to judicial review of the validity of the permit since DEQ's action was not a decision or order).
The first sentence of La. R.S. 15:1177(A) states that "[a]ny offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections... may ... seek judicial review of the decision...." (Emphasis added.) It is my position that the term "decision" in the first sentence of La. R.S. 15:1177(A) means "decision or order" as defined by the APA. If La. R.S. 15:1177(A) is so interpreted, only those prisoner claims which fit the definition of "decision or order" would be subject to judicial review.[5] That is, only in instances where some statute provides for a hearing on the record after notice, or if the claim being asserted is a constitutional claim, would the Nineteenth Judicial District Court have subject matter jurisdiction to review decisions of the Department of Public Safety and Corrections. Minor claims, such as the deprivation of canteen or telephone privileges, or other privileges, would be resolved by the prison authorities, with no judicial oversight. This would properly remove the courts from involvement in the day-to-day management of prisons, and afford appropriate deference and flexibility to state officials trying to manage a volatile environment.[6]See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418 (1995); see also Sanchez v. Hunt, 329 So.2d 691, 692 (La.1976). Additionally, this interpretation of La. R.S. 15:1177 would be consistent with the traditional view that Louisiana courts are to give great deference to prison administrators in the promulgation and enforcement of disciplinary measures. Only in extreme cases will courts interfere with the administration of prison regulations *391 or disciplinary procedures. Watts v. Phelps, 377 So.2d 1317, 1320 (La.App. 1 Cir.1979), writ denied, 380 So.2d 1210 (La. 1980).
Further evidence of the continuing trend to keep the judiciary out of the business of prison management is seen in recent prison reform legislation on a national and state level. Effective in 1996, the United States Congress passed the Prison Litigation Reform Act (PLRA). The PLRA amended 42 USCA § 1997(e) and requires the exhaustion of administrative remedies as a pre-condition to a prisoner suit in federal court. The United States Fifth Circuit Court of Appeals observed in Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998), that the purpose of the PLRA is to provide the federal courts some relief from frivolous prisoner litigation. In 1998, the Louisiana legislature adopted its own version of the PLRA.1998 La. First Ex.Sess. Acts No. 11. And before then, in 1997, the Louisiana legislature amended CARP to add La. R.S. 15:1178, which authorizes district courts to screen petitions for judicial review filed under La. R.S. 15:1177 to weed out any petition which is "frivolous" or "malicious," or which "fails to state a cause of action," or which "seeks monetary damages from a defendant who is immune from liability for monetary damages." La. R.S. 15:1178(B).
The clear and unmistakable purpose of all of these statutes is to restrict, rather than to expand, the scope of prisoner litigation. A determination that supports a restrictive interpretation of CARP comports with this legislative intent.

ON THE MERITS
Since Victorian's claim involves a liberty interest, namely, the computation of his good time, it is a decision required by the constitution to be heard on the record and after notice and is an adjudication within the meaning of the APA definition in La. R.S. 49:951(1). The analysis of the majority opinion on the validity of Victorian's loss of good time focuses only on La. R.S. 15:571.4(B)(1), as amended in 1992. If we looked at that statute alone, a forfeiture of all good time due to escape or parole violation can result since the 1992 amendment. The Department of Public Safety and Corrections takes the position that because La. R.S. 15:571.4(C) requires promulgation of rules and regulations for forfeiture of good time, the rules so promulgated govern disciplinary actions for escape over and beyond the statute. These rules cannot impose more severe sanctions than authorized by law. See Rivera v. State, 98-0507, 98-0508 (La.App. 1 Cir. 12/28/98), 727 So.2d 609, writ denied, 99-0289 (La.3/26/99), 740 So.2d 617. Rivera does not say that the regulations can be less severe; however, each case will turn on its own circumstances, depending upon the amount of accumulated good time leave.
In Victorian's case, as Commissioner Bergeron noted in his recommendation, "The defendants were requested to provide the court with the necessary proof that the escape rule of LSA-R.S. 15:571.4(B) had been promulgated into the adult rules so as to permit its imposition. These documents will be received as Defendants' Exhibit 3."
A close review of this exhibit mentioned shows that there has been no revision and promulgation of "Louisiana Administrative Code, Title 22, Part 1, Subchapter A, Section 333: Forfeiture of Good Time for Escape," since the 1992 amendment to La. R.S. 15:571.4(B)(1) relied on by the majority. The regulation provided in this record[7] tracked the old law when it said in part 4,
Action. The following actions may be imposed after the offender is found guilty of escape:

*392 a. Louisiana State Penitentiary
i. those found guilty of simple escape shall, forfeit not less than one month, nor more than two years' worth of earned good time;

. . . .
Pursuant to the requirement of publishing new rules in order to reflect the changes to La. R.S. 15:571.4(B), "Louisiana State Penitentiary" should be changed to "Department of Public Safety and Corrections" and "shall, forfeit not less than one month, nor more than two years' worth of earned good time" should be changed to "may forfeit all good time earned on that portion of his sentence served prior to his escape."
In conclusion, since there is no evidence in the record that Victorian lost more than two years of good time, the result reached is correct as far as can be determined from the record.
I respectfully concur.
NOTES
[1] Judge Ian W. Claiborne is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The DPSC's Master Record indicates Victorian also was convicted of simple burglary in 1988.
[3] According to Victorian's petition for judicial review, in August of 1997, he was convicted of simple escape in the Thirty-First Judicial District Court and sentenced to serve one year at hard labor.
[4] As an inmate suit, this case was assigned to a commissioner to conduct all proceedings and make a recommendation to the appropriate district court judge. This procedure is utilized by the Nineteenth Judicial District Court to accommodate the large volume of lawsuits filed by inmates for judicial review of decisions of the DPSC. See LSA-R.S. 13:713.
[1] The amendment to La. R.S. 49:964(A) stating that a person aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under the APA, except as provided in La. R.S. 15:1171-1177, appears to remove the APA as the controlling law on review of CARP claims. However, in the same legislative session in which this amendment was made, the legislature also passed 1997 La. Acts No. 128, which added La. R.S. 49:964(G)(7) to the APA. This new subsection to La. R.S. 49:964 states, in part:

G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
* * * *
(7) In cases covered by R.S. 15:1171 through 1177, manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record.... (Emphasis added.)
Why place a phrase in the APA about cases covered by La. R.S. 15:1171 through 1177 when the opening sentence of La. R.S. 49:964(A) seems to exclude these CARP claims from the APA? One thing is clear, the legislature intended to leave manifest error as the standard of review on fact issues for prisoner claims. If no case under CARP is controlled by the APA, this last sentence is totally unnecessary.
[2] Even if the APA and CARP did not exist, the standards of review set forth in these statutes existed in other statutes and in the jurisprudence.
[3] I note, however, that the judicial review provisions of CARP and the APA are no longer exactly the same, because La. R.S. 49:964(G)(6) was amended by 1997 La. Acts No. 128 as follows:

G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
* * * *
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
By House Concurrent Resolution No. 89 of the 1997 regular session, La. R.S. 49:964(G)(6) (renumbered to La. R.S. 49:964(G)(7)) was suspended until 60 days after final adjournment of the 1998 regular session of the legislature. The 1998 Regular Session adjourned June 10, 1998.
[4] In his dissent, Judge Landry argued that such a narrow interpretation of the APA "renders the statute virtually meaningless." First National Bank of Abbeville, 246 So.2d at 386.
[5] Despite the fact that former La. R.S. 15:1177 referred only to the use of the judicial review section of the APA (La. R.S. 49:964), this court has also applied the definitions section of the APA (La. R.S. 49:951) in a prisoner case decided under former La. R.S. 15:1177. In Brown v. Phelps, 392 So.2d 103 (La.App. 1 Cir.1980), the APA's definition of "agency" was used to determine the proper parish within which a prisoner's suit should have been brought.
[6] I also note that the removal of judicial oversight over minor prison disciplinary matters would reduce the caseload on the already overcrowded docket of this court, as well as that of other courts.
[7] I take judicial notice of the regulation as it appears on the Louisiana Administrative Code web site, maintained by the Office of State Register, Division of Administration, which still did not reflect the amendment, and which conforms with the version in Defendants' Exhibit 3, as of the date this concurrence was written.