THERIOT, J.
_JjAlex T. Banks, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“DPSC”), appeals the judgment of the Nineteenth Judicial District Court affirming DPSC’s final administrative decision denying the relief Banks requested through an administrative remedy procedure (“ARP”). For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Banks was convicted on March 19, 1992, of first degree robbery and armed robbery. He was sentenced to twenty (20) years at hard labor and adjudicated a habitual offender. Shortly after his sentence was imposed, DPSC approved Banks to receive “good time” calculation of his release date at the rate of thirty (30) days for every 30 days served in actual custody in lieu of incentive wages, pursuant to 1991 La. Acts, No. 138, § 1 (“Act 138”).[1] Accordingly, Banks was released from prison in May of 2001 under supervision of parole, ten years after he was initially incarcerated for his offenses.
Banks remained under the supervision of parole for approximately four and a half years, until 2005, when he violated his parole and was rearrested. Banks was *741 recommitted to the custody of DPSC to serve out the remainder of his sentence. After returning to prison, he received his master prison record in 2006, which stated he was to remain under Act 138, potentially reducing his remaining ten years to five years.
In 2007, DPSC amended Banks’s master prison record to reflect that he was ineligible for good time under Act 138 due to his habitual offender Rstatus and that he would have to serve out all of his remaining ten years in prison.
On October 27, 2010, Banks filed his first ARP, claiming he should receive credit for his parole time pursuant to 2010 La. Acts, No. 792, § 1 (“Act 792”) which allows for credit for time served for good behavior while on parole.[2] This ARP was denied due to Banks’s parole revocation in 2006 coming before the effective date of Act 792 in 2010. On April 5, 2011, the sentencing court advised Banks that he was illegally released on parole since his habitual offender status should have prevented him from receiving good time. Banks then filed another ARP on April 18, 2011, claiming that since he was erroneously released from prison, he should receive credit for his parole time and that by having to serve another ten years in prison, his actual sentence is being illegally extended.
Banks did not receive an immediate answer to his ARP. He wrote a letter to DPSC on May 31, 2011, inquiring into the status of his ARP, but again received no answer. His family called DPSC on June 10, 2011 to make an inquiry into the ARP’s status, and they received a reply from DPSC that the ARP would not be answered since he was asking for the same parole credit for which he was previously denied as being ineligible. Banks then filed a petition for judicial review with the 19th JDC of the denial on June 28, 2011.
The commissioner of the 19th JDC recommended to the court that DPSC was not erroneous in its release of Banks, because at the time he was released, DPSC interpreted the provisions of La. R.S. 15:571.3(B) to say that a habitual offender would be ineligible for good time if his predicate offense hwas an enumerated offense listed in the statute.[3] Since Banks’s predicate offense was not an enumerated offense, the commissioner determined DPSC acted in good faith when it released Banks based on its interpretation of La. R.S. 15.571.3(B) at the time. The state attorney general subsequently issued an opinion regarding the interpretation of the aforementioned statute, reflecting the decision rendered in Lonzell Richards v. Louisiana Department of Corrections, et al., DPSC docket number 523455 of the 19th JDC, changing the interpretation to deny good time eligibility to an offender whose instant or predicate offense was one of the enumerated offenses. As Banks’s instant offenses of armed robbery and first degree robbery were enumerated, he had been ineligible for good time when he was released on parole. When Banks re-entered custody after violating his parole, DPSC amended his status according to the new interpretation of La. R.S, 15:571.3(B) and made him ineligible for good time on the remainder of his sentence. The 19th JDC adopted the commissioner’s recommendation and rendered judgment in conformity therewith, from which Banks filed this appeal.
STANDARD OF REVIEW
Inmates aggrieved by a decision rendered by DPSC may seek judicial review *742 pursuant to La. R.S. 15:1177. The standard of review is set forth in La. R.S. 15:1177(A)(9), as follows:
The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
|fi(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
See also Victorian v. Stalder, 1999-2260, p. 5-6 (La.App. 1 Cir. 7/14/00), 770 So.2d 382, 384-385.
DISCUSSION
While the ARP of October 27, 2010, and the ARP of April 18, 2011, both asked for the same remedy of credit for time served on parole, Banks utilized a different argument for each. In the first ARP, Banks claimed entitlement to the credit under Act 792, under which DPSC ruled he was not eligible. We agree. Banks’s parole violation of 2006 predates the Act’s date of effectiveness in 2010. In Banks’s second ARP, he argued that he should receive credit for his parole time due to being erroneously released from prison and illegally placed on parole.
Banks cites Jackson v. Stalder, 1999-2240 (La.App. 1 Cir. 11/3/00), 772 So.2d 380, writ denied, 2000-3494 (La.10/12/01), 799 So.2d 496, as legal support for his argument. The doctrine of credit for time at liberty requires a two-part analysis: first, the court must determine whether the erroneous release of the inmate was the result of simple or mere negligence on the part of the state; and second, the court must determine whether there is any proof that the delay in the execution of the sentence can be attributed to the inmate’s fault. Id. at 383-384.
In Jackson, the inmate was released due to a miscommunication between Angola State Prison and the DeSoto Parish Sheriffs Office. Id. at 384. This court determined that the inmate’s erroneous release was an act of simple or mere negligence. Id. With the first part of the doctrine satisfied, [ Rthis court moved to the second part. While the inmate alleged that he attempted to alert prison officials that he had been erroneously released, he had also admitted he had left the state of Louisiana within weeks of his release and eventually was convicted for another crime in the state of Texas, paroled, and convicted again, all while living under a false name. Id. The actions of the inmate clearly made it difficult for Louisiana officials to locate him once the error was discovered, and the length of the inmate’s time away from Angola was largely due to his own illegal and deceptive acts. Id. at 385. Thus, this court found that the inmate was not entitled to credit for his time at liberty due to his erroneous release. Id.
In the instant case, the commissioner of the 19th JDC determined that Banks’s release was not erroneous since DPSC released him according to La. R.S. 15:571.3(B), as it was interpreted at the *743 time. There is no proof in the record that any prison officials or DPSC officials were either simply or grossly negligent in releasing Banks. There was no miscommu-nication of any kind, as found in Jackson. Both DPSC and the prison acted in a manner and according to an interpretation of the rules they believed were correct.
Prison officials cannot be held liable for errors resulting from reasonable acts and applications of the law. See Vincent v. State Through Dept. of Corrections, 468 So.2d 1329, 1333 (La.App. 1 Cir.1985), writ denied, 472 So.2d 34 (La.1985). At the time of Banks’s release, DPSC interpreted Act 138 and La. R.S. 15:571.3 to allow the granting of good time to habitual offenders who did not have certain enumerated crimes as predicate offenses. Following that interpretation, Banks was released. Upon Banks’s 2006 arrest, parole violation, and recommitment to prison, that interpretation had changed — not arbitrarily, but pursuant to an opinion issued by the state attorney general. The interpretation of the statute was |7changed to prevent habitual offenders from receiving good time if either their instant or predicate offenses were enumerated.[4] Following that interpretation of the law, DPSC was reasonable and correct to deny Banks good time credit for time he served while on parole. DPSC did not act negligently in releasing Banks since their acts and interpretation of the law at the time of his release was reasonable. Since the first requirement of Jackson is not satisfied by DPSC’s conduct, an analysis under the second part is not necessary. Banks is not entitled to receive good time credit while he was released.
Even if DPSC had been correct to release Banks on parole, notwithstanding the interpretation of La. R.S. 15:571.3(B), Banks still would have forfeited his accrued good time through his parole violation. An inmate who has been returned to the custody of DPSC because of a violation of the terms of his parole shall forfeit all good time earned on that portion of the sentence served prior to the granting of parole. La. R.S. 15:571.4(B)(2). Banks would have forfeited his good time credit which afforded his release in 2001, and he would be made to serve his full 20 years at hard labor.
CONCLUSION
Banks never absconded or engaged in any deceptive acts to subvert any attempts by DPSC to find him and return him to prison, and likewise DPSC did not actively search for Banks to bring him back to prison. Both parties believed Banks was legally under parole supervision, which continued until Banks violated the conditions of his parole. It is by his own action of violating parole that the error of his release was realized and his good time credit revoked. The same result could have occurred had he been on parole legally. We find no error on the part of DPSC that rises to the Rlevel of negligence or misconduct contemplated in Jackson. We also find DPSC’s actions to be reasonable and not arbitrary or capricious. Banks is therefore not entitled to any credit under Act 138 or any other act or statute for the granting of time credit while under the supervision of parole.
DECREE
The ruling of the 19th JDC affirming DPSC’s decision to deny Banks’s ARP is *744 affirmed. All costs in this appeal are assessed to the appellant, Alex T. Banks.
AFFIRMED.
GUIDRY, J., concurs in result.

. Prior to the enactment of 1995 La. Acts, No. 1099, § 1 ("Act 1099”) on January 1, 1997, which amended La. R.S 15:571.3 to require that persons convicted of crimes enumerated under La. R.S. 14.2(B) serve a minimum eighty-five percent of their sentence, persons convicted of violent crimes were eligible for "good time” pursuant to Act 138, which became effective January 1, 1992. Banks’s convictions, which occurred in March of 1992, therefore are governed by Act 138.

. Act 792 is now incorporated into La. R.S. 15:571.5(0 and 15:574.9(E).

. La. R.S. 15:571.3(B) has since been amended and no longer reflects this provision.

. The change in the interpretation of the statute is based on the state attorney general’s opinion and Lonzell Richards v. Louisiana Department of Corrections, et al, 19th JDC No. 523455.